[No. 13683.   In Bank. — June 18, 1892.]

HENRY L. TATUM ET AL., RESPONDENTS, v. E. ROSENTHAL ET AL., APPELLANTS.

CORPORATIONS — SUBSCRIPTIONS TO STOCK — CREDITOR'S BILL — PLEADING — INDEBTEDNESS OF CORPORATION — CONCLUSIVENESS OF JUDGMENT. — A judgment against a corporation establishes its liability conclusively until reversed in a direct proceeding, and concludes the stockholders in an action against them in the nature of a creditor's bill, to compel them to pay in the unpaid portion of their subscriptions to the capital stock, toward the satisfaction of the judgment obtained; and it is not necessary that the complaint in such action should allege the indebtedness upon which the judgment was recovered.

ID. — INSOLVENCY OF CORPORATION — SUFFICIENCY OF COMPLAINT — NON-JOINDER OF CREDITORS — GENERAL DEMURRER — ANSWER. — A complaint in an action in the nature of a creditor's bill to compel the subscribers to the capital stock of an insolvent corporation to account

for and pay in the unpaid portion of their subscriptions to the satisfaction of a judgment obtained against the corporation, which alleges the existence of the judgment debt, the insolvency of the corporation, that the subscribers owe on their unpaid subscriptions, and that the execution issuing on the judgment has been returned wholly unsatisfied, but which does not show upon its face that there are any other creditors of the corporation, states a cause of action, although it does not state that the proceedings are for the benefit of all the creditors; and the question of defect in the pleading, or of non-joinder of other creditors, cannot be raised upon general demurrer to such complaint, but can only be pleaded by answer.

ID. — RIGHT OF JUDGMENT CREDITOR. — A judgment creditor who has exhausted his legal remedy by an execution returned *nulla bona* may, alone or with other judgment creditors, file a bill against persons holding property of the debtor which cannot be reached by execution.

ID. — DIVISION OF FUND — ACTION BY SINGLE CREDITOR — DECREE FOR BENEFIT OF ALL. — Where a fund can only be divided satisfactorily among a certain class of persons, the decree must be so framed that all of them may be brought in for their distributive shares, but even then the bill may often be filed by any one of them on his own behalf. It is only when it subsequently appears to the court that a distribution must be made that a decree will be made for the benefit of all.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Whitworth & Shurtleff*, for Appellants.

In order for plaintiffs to recover, it is essential for them to allege the indebtedness upon which the judgment set out in their complaint was recovered. (*McMahon* v. *Macy*, 51 N. Y. 155; *Strong* v. *Wheaton*, 38 Barb. 616.) This is an equitable action, — an ordinary creditor's bill, — and cannot be maintained by a single creditor, unless he alleges in his complaint that the action is brought on behalf of himself and all other creditors of the corporation who might choose to come in and seek relief by it. There is no such allegation in plaintiffs' complaint, neither is there an allegation that the plaintiffs are the sole creditors of the corporation. (*Patterson* v. *Lynde*, 106 U. S. 519. See also *Terry* v. *Tubman*, 92 U. S. 150; *Hatch* v. *Dana*, 101 U. S. 205; *Handley* v. *Stutz*, 137 U. S. 366; *Adler* v. *Wisconsin Patent Brick Mfg. Co.*, 13 Wis. 57; *Wetherbee* v. *Baker*, 35 N. J. Eq. 501,

506; *Bickley* v. *Schlag*, 20 Atl. Rep. 250.)   The failure
of the plaintiffs to allege that the action was brought in
behalf of all the creditors of the corporation renders this
an action at law, and therefore the court below had no
jurisdiction.   (*Derby* v. *Stevens*, 64 Cal. 287; *Hyman* v.
*Coleman*, 82 Cal. 650.)

*George A. Rankin*, for Respondents.

The demurrer does not raise the points on which ap-
pellants rely.   A defect or misjoinder of parties plain-
tiff is, of course, a ground for demurrer (Code Civ.
Proc., sec. 430), which is waived unless taken advantage
of on demurrer or by answer.   (Code Civ. Proc., sec.
434.)   So held in all actions against stockholders of a
corporation.   (*Faymonville* v. *McCollough*, 59 Cal. 285.
See also *Rowe* v. *Chandler*, 1 Cal. 168; *People* v. *Frisbie*,
18 Cal. 402; *Gillam* v. *Sigman*, 29 Cal. 640; *Hastings* v.
*Stark*, 36 Cal. 122.)   It is also so held in case of non-
joinder of parties plaintiff.   (*Wendt* v. *Ross*, 33 Cal. 656.)
It was not necessary to allege the original indebtedness in
the action against the stockholders.   (Thompson on Li-
ability of Stockholders, secs. 329, 330.)   It was not es-
sential that all the creditors, presuming there were others
than the plaintiff, should have been joined.   (Thompson
on Liability of Stockholders, sec. 351.)   In the leading
case in this state (*Harmon* v. *Page*, 62 Cal. 448), the suit
was by one creditor, and nothing was said about the
necessity of joining others.

FOOTE, C. — This action is in the nature of a creditor's
bill to compel certain subscribers to the capital stock of
an insolvent corporation to account for and pay in the
unpaid portion of their subscriptions, to the satisfaction,
as far as it may, of a judgment obtained against the
corporation, upon which execution had been returned
wholly unsatisfied.

Demurrers were filed to the complaint, which alleged,
among other matters, that the complaint did not state
facts sufficient to show a cause of action.   The demur-

rers were overruled and answers were filed. A trial was had, which resulted in a judgment for plaintiffs against certain of the defendants. Some of the latter have appealed from the judgment, and the only points made in their briefs for its reversal are: —

1. That the complaint does not allege the indebtedness· upon which the judgment set out in the complaint was recovered. As to this, it can be said that when this judgment was rendered against the corporation, it established its liability conclusively, so far as any judgment can, to pay the debt. It concluded the stockholder, in a case like this, who was in privity with the corporation, and is valid until reversed in a direct proceeding. (Thompson on Liability of Stockholders, sec. 329.)

This being so, we can perceive no good reason why it should be alleged that this valid and subsisting judgment was also founded upon a valid and subsisting debt.

2. It is claimed that in all bills of the kind here involved, it is essential that it should be alleged in the complaint that the proceedings are for the benefit of all the creditors of the insolvent coporation.

It is true that in actions of this sort, the fund realized from the payments by the subscribers to the capital stock was, in equity, equally a fund belonging to all the credi· tors, and in the distribution of it, if it appeared to the court that there were other creditors than those instituting the suit, it would be the duty of that tribunal to distribute to them their *pro rata* share of the fund.

And this rule proceeds upon the idea that no one creditor can secure the payment of his debt to the exclusion of other creditors. (*Handley* v. *Stutz*, 137 U. S. 369.)

But we do not think that under our statute, where the facts are as stated here, viz., that the judgment debt exists, that the corporation is insolvent, that the subscribers owe a certain sum on their unpaid subscriptions, that the execution issuing on the judgment has been returned wholly unsatisfied, and it does not appear from the complaint that there are any other creditors of the corporation, that it should be held, because of the defect

of or misjoinder of other creditors, or the failure to allege that the complaint is filed for the benefit of all creditors, that upon a general demurrer, such as here involved, the complaint is bad.

It would seem that such an objection must be taken by special demurrer, as for a defect or misjoinder of parties plaintiff, where it appears from the face of the complaint, as it does not here, that there are other creditors who should be made parties; or by an answer, if there are other creditors who should be joined. (Code Civ. Proc., secs. 430, 433.)    And if this be not done, the defect or misjoinder is waived. (Code Civ. Proc., sec. 434.)

None of the cases cited to us involve this precise point; but Mr. Thompson, in his work on the Liability of Stockholders, has this to say upon the question, at section 351: "It has long been settled that a judgment creditor who has exhausted his legal remedy by an execution returned *nulla bona* may, alone or with other judgment creditors, file a bill against persons holding property of the debtor, which, on account of fraud or the existence of a trust, cannot be reached by execution."

This doctrine seems to be sustained by good authority (*Marsh* v. *Burroughs*, 1 Woods, 467), where it is also said: "Where a case exists in which a fund can only be divided satisfactorily among a certain class of persons, it is necessary to frame the decree in such a manner as that all those persons may be brought in for their distributive shares; but even then, the bill may often be filed by any one of them on his own behalf.    It is only when it appears to the court, by the subsequent pleadings, or otherwise, that a distribution must be made (as where an executor pleads want of sufficient assets), that a decree will be made for the benefit of all."

The party objecting here is not a creditor who says he has not been made a party, nor does it appear that any such has asked to be made a party, or that there are any other creditors.

It would seem, therefore, that if the defendants were

of the opinion that other parties should be joined as plaintiffs, that they should, under our statute, and under the complaint, have pleaded by answer the non-joinder of parties plaintiff.

We are strengthened in our view of this matter from the fact that in *Harmon* v. *Page*, 62 Cal. 448, where one creditor alone filed a bill, there did not seem to be any question made but what he could bring the action alone, and it was said: " It appears to us to be well settled that a suit such as was instituted by the plaintiff properly lies in a court of equity, unaffected by any remedy the creditor may have under the provisions of the constitution and the statute."

We perceive no merits in the points made, and advise that the judgment be affirmed.

Vanclief, C., and Belcher, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.