[Civ. No. 3030.  Second Appellate District, Division Two.—November 3, 1919.]

## C. K. DOUGLAS, Appellant, v. MARGARET ORTH et al., Respondents.

[1] CORPORATIONS—TORT OF CORPORATION—STOCKHOLDERS' LIABILITY—STATUTE OF LIMITATIONS.—A cause of action against the stockholders of a corporation on their liability as such for a tort committed by the corporation accrues at the time of the commission of the tort, and not at the time of securing judgment against the corporation, and the time from the filing of an appeal from a judgment against the corporation to the affirmance of such judgment is not to be excluded from the time transpiring between the date of the commission of the tort and the date of said affirmance in determining whether the cause of action against the stockholders is barred by the provisions of sections 338 and 359 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Drake for Appellant.

Ingall W. Bull, Goldberg & Meily and Leo V. Silverstein for Respondents.

--------

1. Statutory liability of stockholders for debts of corporation as including liability for torts, note, 22 **L. R. A.** (**N. S.**) 256.

THOMAS, J.—This is an action against three stockholders of a corporation to recover the proportionate amount of a judgment obtained against the corporation in which these defendants were stockholders, on their alleged liability as such.

Summarized, the facts upon which the present action is based are as follows: On November 13, 1912, the plaintiff was injured in a collision between a delivery wagon of the Berlin Dye Works & Laundry Company, a corporation, and an automobile in which he was riding. Plaintiff commenced an action on the 13th of December, 1912, against said corporation for damages arising out of the collision, and, after trial, recovered judgment for the sum of ten thousand dollars, from which judgment the corporation appealed. The judgment was affirmed on December 17, 1914. On August 14, 1916, three years and eight and one-half months after the collision, plaintiff commenced this action against the three stockholders as aforesaid. Demurrers were interposed to the complaint by defendants on the grounds: (1) That it did not allege a cause of action against them, and (2) that the alleged cause of action was barred by the provisions of sections 338 and 359 of the Code of Civil Procedure. The demurrers were sustained with leave to amend. Plaintiff refused to amend, and judgment was thereupon entered for defendants.

[1] All parties to this action agree that the cause of action accrued, if any did accrue against the defendants, on the date of the collision, although more space is devoted to the argument and the citation of cases in support of this point than on any other proposition. But it is contended by appellant that the cause of action against these defendants is not barred, for the reason that the time which elapsed from the filing of the appeal to the affirmance of the judgment by the supreme court in the action aforesaid against the said corporation—from September 5, 1913, to January 16, 1915, both dates inclusive, a period of one year, four months and eleven days—should be deducted from the three-year limitation period. Appellant further contends that by excluding the said period only "two years and five months' time for limitation between the time of the happening of the accident and the filing of the complaint herein" had elapsed, and hence the action would have been brought in time.

Appellant also urges that "the cause of action" in this case is the judgment referred to, against the corporation, and in support thereof says: "Surely it must be said that if the corporation could maintain an appeal, which it could and did, in this behalf, any steps taken by it should be imputed to and become an act of the stockholders. The cause of action primarily was against the corporation sole, and after judgment was rendered then suit could be maintained on the judgment against the stockholders for their *pro rata* payment thereof." With this contention we are unable to agree. We think the "cause of action" arose at the same time against the corporation and against the stockholders on their liability as such, if any there was. (*Davidson* v. *Rankin,* 34 Cal. 503; *Mitchell* v. *Beckman,* 64 Cal. 117, [28 Pac. 110]; *Hyman* v. *Coleman,* 82 Cal. 650, [16 Am. St. Rep. 178, 23 Pac. 62]; *Miller* v. *Lane,* 160 Cal. 90, 116 Pac. 58].) This being the law, and it being conceded that the cause of action against the corporation arose on the date of the collision, the cause of action, therefore, if any exists against the defendants here, arose out of the act or omission, if any, by which the liability was incurred, and plaintiff's cause of action against defendants, if any he has, is not based upon the judgment against the corporation.

There is only one question in this case, and that is: "Should the time from the filing of the appeal to the affirmance of the judgment by the supreme court as aforesaid be excluded from the time transpiring between the date of the collision and the said date of affirmance in arriving at our conclusion as to whether the cause of action is barred by the statutes?" We think not. (*Stilphen* v. *Ware,* 45 Cal. 110; *Union Trust Co.* v. *Journeay,* 29 Cal. App. 502, [156 Pac. 999]; *Hyman* v. *Coleman, supra.*) In the case last cited the court said: "A judgment against a corporation does not create a new liability, nor extend the time prescribed by the statute of limitations for bringing suit against the stockholders." This being true on "contractual obligations," *a fortiori* it would be so when the obligation is one imposed by law.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.