[L. A. No. 6551. In Bank.—June 22, 1921.]

## LUCIE E. ELLSWORTH, Respondent, v. A. S. BRADFORD et al., Appellants.

[1] CORPORATIONS—STOCKHOLDER'S LIABILITY—NATURE OF.—A stockholder of a corporation becomes liable to the corporation's creditors solely as an original debtor, and not in any way as a surety or guarantor for the corporation, and such liability arises by operation of law from the creation and existence of the debt and not through any power of the corporation to bind him to personal liability for its obligations.

---

1. Right to enforce statutory liability of stockholder of corporation, note, 33 L. R. A. (N. S.) 898.

[2] ID.—JUDGMENT AGAINST CORPORATION—ENFORCEMENT OF STOCK-
HOLDER'S LIABILITY—EVIDENCE—JUDGMENT.—In an action on the
statutory liability of stockholders for their proportionate share of
the corporation's liability on a judgment obtained against it,
the judgment is admissible as *prima facie* evidence of the indebt-
edness.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hocker & Austin and Donald Barker for Appellants.

S. L. Carpenter for Respondent.

W. C. Petchner, Gibson, Dunn & Crutcher and Edward
E. Bacon, *Amici Curiae.*

SLOANE, J.—The appellants were sued in this action on
their statutory liability as stockholders 'of the National
Home and Town Builders, a corporation, for their propor-
tionate share of the corporation's liability for damages as
evidenced by a judgment in favor of plaintiff against the
corporation for conversion of plaintiff's property.

The only point involved on this appeal is as to the admis-
sibility and effect of the judgment against the corporation
as evidence to establish the liability of the stockholders.

Upon the trial the court admitted the judgment fixing the
liability of the corporation, as competent evidence against
the stockholders, in determining their individual liability
under section 3, article XII, of the California constitution,
and section 322 of the Civil Code.

This ruling of the court is assigned as error. It is the
contention of appellants that as they were not parties to the
action the judgment cannot be used in any way to establish
their personal liability.

Strangely enough, the question has apparently never be-
fore been directly passed upon by the appellate courts of this
state.

It has been definitely held that in an action by a creditor
of a corporation to recover from a stockholder his unpaid
subscription to capital stock, a judgment against the corpo-
ration conclusively establishes the creditor's claim as against

the stockholder. (*Baines* v. *Babcock,* 95 Cal. 581, [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776]; *Tatum* v. *Rosenthal,* 95 Cal. 129, [29 Am. St. Rep. 97, 30 Pac. 136].)

But the distinction between this class of cases and that in which the statutory liability is sought to be enforced is very obvious. The amount unpaid on stock subscription is a debt owing by the stockholder to the corporation, which the creditor has a right to subject to the satisfaction of his judgment against the corporation; the statutory liability, as has been repeatedly held by this court, is an independent original liability of the stockholder to the creditor which can be enforced directly against the stockholder, quite independently of any judgment against the corporation, and is not dependent upon an adjudication of indebtedness in an action against the corporation, but upon the actual existence of such indebtedness. Under the provisions of the California law stockholders are held to be primarily liable as principal debtors, and not as sureties or guarantors. (*Young* v. *Rosenbaum,* 39 Cal. 646; *Sonoma Bank* v. *Hill,* 59 Cal. 107; *Hyman* v. *Coleman,* 82 Cal. 650, [16 Am. St. Rep. 178, 23 Pac. 62]; *Brown* v. *Merrill,* 107 Cal. 446, [48 Am. St. Rep. 145, 40 Pac. 557]; *McGowan* v. *McDonald,* 111 Cal. 57, [52 Am. St. Rep. 149, 43 Pac. 418]; *Eva* v. *Andersen,* 166 Cal. 420, [137 Pac. 16].)

The stockholder's statutory liability is not for the benefit of the corporation and is in no sense a part of its assets like unpaid subscriptions to stock. (Fletcher on Corporations, sec. 4210; *Williams* v. *Carver,* 171 Cal. 658, [154 Pac. 472]; *Zang* v. *Wyant,* 25 Colo. 551, [71 Am. St. Rep. 145, 56 Pac. 565; *Mechanics' Sav. Bank* v. *Fidelity Ins. Co.,* 87 Fed. 113.)

The liability has been declared by this court to be of the same nature as that of an individual partner to the partnership debts. (*Mokelumne Hill Canal etc. Co.* v. *Woodbury,* 14 Cal. 265; *Robinson* v. *Bidwell,* 22 Cal. 388; *Davidson* v. *Rankin,* 34 Cal. 505.)

In *Buttner* v. *Adams,* 236 Fed. 105, [149 C. C. A. 315], the United States circuit court, referring to the California law, says: "That state is one of the few in which the liability of the stockholder is not collateral but is original, and partakes of the nature of the liability of partners. The result is that an action at law lies 'directly against the share-

holders as against partners on their joint contract,' and need not be predicated on a judgment against the corporation.''

Following out the analogy of the law of partnership, it is the accepted rule that in no case will a judgment entered after service on less than all the partners be given the effect of a personal judgment against partners not actually served. (20 R. C. L., p. 937; *Sugg* v. *Thornton,* 132 U. S. 524, [33 L. Ed. 447, 10 Sup. Ct. Rep. 163]; *In re Grossmayer,* 177 U. S. 48, [44 L. Ed. 665, 20 Sup. Ct. Rep. 535, see, also, Rose's U. S. Notes]; *Pickett* v. *Ferguson,* 45 Ark. 177, [55 Am. Rep. 545]; *Phelps* v. *Brewer,* 9 Cush. (Mass.) 390, [57 Am. Dec. 56]; *Welsh* v. *Kirkpatrick,* 30 Cal. 203, [89 Am. Dec. 85]; *Feder* v. *Epstein,* 69 Cal. 456, [10 Pac. 785]; *Davidson* v. *Knox,* 67 Cal. 143, [7 Pac. 413]; Code Civ. Proc., sec. 388.)

It requires no citation of authorities to the general rule that a judgment is not admissible in evidence against any person not a party or privy thereto. In *Phelps* v. *Brewer, supra,* it was held that partners sued in an action cannot enter an appearance for partners not sued.

Accepting the logic of the authorities cited and applying the strict rules of evidence governing the use of judgments against persons not parties, nor in privity therewith, it is difficult to reach a different conclusion than is contended for by appellants and upheld by division one of the second appellate district, from which this case comes to us on petition for rehearing. That court held that ''defendants were entitled to have produced sufficient proof of the facts showing the alleged conversion of plaintiff's stock by the corporation. The fact that the plaintiff in an action against the corporation had recovered a judgment for the same cause was not evidence of the existence of the liability against the stockholder.''

[1] Recognizing, as we must, that the stockholder becomes liable to the corporation's creditors solely as an original debtor, and not in any way as a surety or guarantor for the corporation, and that this liability arises by operation of law from the creation and existence of the debt, not through any power of the corporation to bind him to personal liability for its obligations, it would seem requisite to fixing such liability in an action against the stockholder to prove the facts establishing the corporate debt. The law

makes the act of the corporation creating a corporate liability binding on the stockholders, but it does not extend the power of the corporation any further in the matter or authorize it to represent the stockholder in putting up a defense against his personal indebtedness. The limitation of the authority of the corporation to in any way enlarge or extend or renew the stockholder's statutory liability is declared in the decisions of this court holding the corporation powerless to extend such liability by a new promise, or by agreement extending the period of the statute of limitations, or by changing the form of the indebtedness. (*Hyman* v. *Coleman,* 82 Cal. 650, [16 Am. St. Rep. 178, 23 Pac. 62] ; *Winona Wagon Co.* v. *Bull,* 108 Cal. 1, [40 Pac. 1077].) In *Winona Wagon Co.* v. *Bull, supra,* this court adopts the following language from *Trippe* v. *Huncheon,* 82 Ind. 307, as to the relation of the corporation to stockholders' liability: "The corporation has nothing to do with this liability, nor has it the right or power to represent its members as to this individual obligation. It is a matter between the creditors of the corporation and its members, not as corporators, but as individuals."

A judgment against the corporation does not create a new liability, nor extend the time prescribed by the statute of limitations for bringing suit against the stockholders. (*Larrabee* v. *Baldwin,* 35 Cal. 168; *Stilphen* v. *Ware,* 45 Cal. 110.)

The case of *McGowan* v. *McDonald,* 111 Cal. 57, [52 Am. St. Rep. 149, 43 Pac. 418], is referred to as giving support to the competency of a judgment against the corporation as evidence of the stockholders' liability. It is there held that "in a suit against a stockholder to enforce his liability the first fact to be established is the indebtedness of the corporation, and when that is established the liability of the stockholder results as a necessary sequence. It would seem, therefore, that any evidence which is competent and sufficient to show the liability of the corporation must be competent and sufficient to show the liability of the stockholder."

The evidence sought to be introduced in the case cited was not a judgment against the corporation, but entries made by the corporation bank in pass-books of the plaintiffs, depositors of the bank, showing balances due the depositors.

There is a difference between the facts going to establish the indebtedness and the judgment based on such facts. The stockholder might dispute or disprove the original facts if produced in evidence against him. He cannot dispute the judgment under the rule contended for where it is held to be conclusive against him.

In *Mitchell* v. *Beckman,* 64 Cal. 117, [28 Pac. 110], it was held there was no prejudicial error in admitting the judgment against the corporation, but in that case, as was pointed out in the decision, "There was other evidence from the books of the bank to show the indebtedness. . . . The cause was tried by the court and when so tried we do not understand the objection of irrelevancy is tenable unless it is plainly apparent that the court has rested its decision on the irrelevant testimony."

Looking beyond our own courts for the rule governing the effect and admissibility of this class of evidence, we are involved at once in a Babel of confusion. Hardly any two states have identical laws governing the liability of stockholders for corporate debts. California is almost alone in making the liability direct, immediate, and enforceable independently of proceedings against the corporation.

In many of the states the liability is secondary and contingent on the insolvency of the corporation. In some an existing judgment against the corporation and exhaustion of the remedy thereon is a prerequisite to pursuing the stockholders' liability.

It is true that most of the text-writers and many of the judicial decisions concede the existence of a generally accepted rule that a judgment against the corporation establishes the existence of the liability as against the stockholder, either conclusively or as *prima facie* proof, and the statement of the rule is usually fortified with a long list of authorities. (7 R. C. L., pp. 420, 421; 14 Corpus Juris, p. 1062, sec. 1654; Morawetz on Corporations, 2d ed., sec. 886; 3 Clark & Marshall on Corporations, sec. 824; 1 Cook on Corporations, sec. 224; 7 Fletcher on Corporations, sec. 4236, p. 7419.)

It is impracticable to review the authorities here, but the result of our examination of most of them is the conclusion that they are generally inapplicable to the peculiar statutory liability imposed by the laws of California.

There are a few that are substantially in point, and these variously state the rule as making such judgment conclusive against the stockholder; not admissible against him for any purpose, or as constituting *prima facie* proof of the indebtedness.

Much of the confusion of authorities arises from a failure to distinguish between the controlling effect of a judgment against the corporation in an action to subject unpaid subscriptions or other corporate assets to the creditor's claim, and such judgment in cases where the liability of the stockholder was an independent indebtedness to the creditor and created no privity with the corporation in the matter of enforcing its payment.

Thompson on Corporations, volume 4, page 1395, favoring the admissibility of the judgment against the corporation as conclusive as to the stockholder's liability, fairly states the attitude of the courts as follows:

"The courts are not agreed as to whether or not the foundation of the action to enforce the statutory liability of stockholders is the judgment against the corporation or the original indebtedness. The decisions are not harmonious, even in the jurisdictions in which it is held that the judgment against the corporation is conclusive upon the stockholders. However, it is believed to be the rule in the majority of the jurisdictions, and certainly the correct one, that the judgment against the corporation is the foundation of the action against the stockholder.

"But in other jurisdictions the action against the stockholder must be on the original indebtedness, and not on the judgment. The test in this respect, it seems, is that where the liability created by statute is upon the stockholders as individuals, and not as corporators, and where the liability is absolute, and in the nature of a primary obligation to pay all debts contracted by the corporation, then the corporation has nothing to do with the liability, nor has it the right nor the power to represent the stockholders as to such individual obligations. Under many such statutes the courts say that the action must be upon the original indebtedness."

The leading cases supporting the conclusive effect of such judgments are, perhaps, *Ball* v. *Reese,* 58 Kan. 614, [62 Am. St. Rep. 638, 50 Pac. 875]; *Hancock* v. *Farnum,* 176 U. S. 640, [44 L. Ed. 619, 20 Sup. Ct. Rep. 506, see, also,

Rose's U. S. Notes]; *Holland* v. *Duluth Iron M. & D. Co.,* 65 Minn. 324, [60 Am. St. Rep. 480, 68 N. W. 50].

The argument of *Ball* v. *Reese, supra,* which is typical of all the decisions upholding the same rule, is that "The ruling proceeds upon the theory that the corporation represents its stockholders within the limits of its corporate power. Through its officers and agents it can make contracts binding upon its members, and as it has to bring and defend suits in regard to any interest of the corporation, its action in that respect, if there is good faith, necessarily binds the stockholders as to any matter in litigation."

It is conceded by all the authorities that the stockholder is not estopped by any such judgment to defend against fraud or collusion in securing the judgment against the corporation.

The leading cases holding a judgment against the corporation inadmissible for any purpose as against the stockholder are in the courts of New York. It is claimed that there is a lack of uniformity on this question in the New York decisions, but where the point has been raised in actions on the statutory liability of stockholders, the rule seems to be settled that a judgment against the corporation is not admissible. The leading cases are *Miller* v. *White,* 50 N. Y. 137, and *McMahon* v. *Macy,* 51 N. Y. 155. The most recent decision cited is *Assets Realization Co.* v. *Howard,* 70 Misc. Rep. 651, [127 N. Y. Supp. 798], affirmed by the New York court of appeals by a memorandum decision. The opinion of the supreme court in the case last cited reviews the entire field of the New York decisions, and states as its conclusion: "The reasoning and logic upon which these decisions are based cannot be questioned. The stockholder in the action against the corporation is not a party to the proceeding. Until the action is brought to enforce his individual liability, he has not had his day in court. He is not privy to the corporation. . . . A judgment against the corporation undoubtedly binds the assets and property of the corporation itself, but does not bind the stockholders. (*Miller* v. *White,* 50 N. Y. 137.) The stockholders, no matter how meritorious a defense they might have, would have no right to be made parties to an action against the corporation and contest in that action the validity of the debt in suit. It would be against every principle of justice and equity to hold the

stockholder liable by virtue of a judgment against a corporation where he had no opportunity to litigate his liability. Consequently the courts have properly held that the judgment against the corporation itself is neither conclusive nor *prima facie* evidence of the liability of the stockholder. . . . ''

A third line of decisions has taken the middle course, and upholds the admission of judgments against the corporation as *prima facie* evidence of the existence of the liability or indebtedness as against the stockholder. (*Wheatley* v. *Glover,* 125 Ga. 710, [54 S. E. 626]; *Grund* v. *Tucker,* 5 Kan. 70; *In re Warren's Estate,* 52 Mich. 557, [18 N. W. 356].)

The grounds upon which this form of evidence is held admissible, but only as establishing a *prima facie* case, are not very fully set forth in the cases cited.

Under the numerous authorities cited in the learned briefs of counsel for appellant and respondent and *amici curiae* on this appeal there cannot be said to be any such well-beaten path pointed out along either of the courses advocated as to prove a compelling influence in guiding the footsteps of this court in following one or the other.

Whatever preponderance of authority there may be for making a judgment against the corporation conclusive evidence of the liability of the stockholder, it is overbalanced by the weight of reasoning, and the established rules of evidence against it. Logically, the same grounds of reasoning would perhaps forbid admitting such judgment as *prima facie* evidence, but there is persuasive authority and strong grounds of public policy for giving at least presumptive weight to such evidence. While the statutory liability of the stockholder is original, and independent so far as its continuance and enforcement are concerned, it has its origin in the acts of the corporation. Its existence and obligation arise on the same state of facts as to both. The stockholder has a twofold concern in every such corporate liability—one as affecting his interest as a stockholder; the other relating to the individual obligation imposed upon him by law. It is the duty of the corporation to protect his rights as a shareholder in any action brought against it. If this duty is performed its benefits extend to his personal and individual liability, for both involve the same state of facts.

There is a strong presumption at least that the corporation has interposed to the rendition of a judgment against it every meritorious defense that would avail the stockholder on his statutory liability.

Moreover, if it becomes the established doctrine that a judgment against the corporation is unavailing against the stockholder, creditors will feel compelled in all cases where they are not willing to entirely rely upon the solvency of the corporation for recovery to join all the stockholders as defendants in the original action to avoid the necessity of trying anew the issues as to the indebtedness every time a subsequent action is brought to enforce the claim against a stockholder.

Such a necessity would impose a burdensome hardship upon both creditors and stockholders and frequently involve needless litigation.

Treating the judgment as *prima facie* evidence of the existence of the corporate liability would leave open to the stockholder any meritorious defense to the original obligation, without requiring the creditor in every instance to preserve and produce anew the evidence in support of his claim, which in most cases could not be successfully rebutted, but which it might be difficult to reproduce.

This reasoning may be supplemented by the provision of section 1851 of the Code of Civil Procedure that, ''Where the question in dispute between the parties is the obligation or duty of a third person, whatever would be the evidence for or against such person is *prima facie* evidence between the parties.'' This section of the code apparently both avoids the objection to using the judgment at all as evidence in a suit against the stockholder and limits its conclusiveness.

It cannot be doubted that in an action on the stockholder's statutory liability the ''obligation or duty of a third person,'' the corporation, is in issue, and by virtue of this provision the judgment against the corporation on such obligation becomes *prima facie* evidence.

[2] We are of the opinion that the purpose of the stockholders' liability law, and the interests of the parties and the public, will be best served by admitting judgments of this nature in suits to enforce the stockholder's statutory liability as *prima facie* evidence of the indebtedness sued upon.

The only objection urged here to the judgment appealed from arises on the admission in evidence of the judgment-roll in the previous action against the corporation to establish the corporate indebtedness. Such judgment-roll being admissible to establish a *prima facie* case for plaintiff, and no rebutting evidence having been introduced or offered on the part of defendants, the judgment must be affirmed.

Wilbur, J., Olney, J., Shaw, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.