[S. F. No. 14794. In Bank.—May 1, 1933.]

A. PALADINI, INC. (a Corporation), Petitioner, v. SUPE-
RIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO et al., Respondents.

Redman, Alexander & Bacon for Petitioner.

Ford & Johnson and Fletcher A. Cutler for Respondents.

SEAWELL, J.—The District Court of Appeal, First District, Division Two, by writ of mandate has directed the respondent Superior Court of San Francisco to dismiss an action pending in said court for failure of plaintiff to bring said action to trial within five years after answer filed. (Sec. 583, Code Civ. Proc.) The proceeding is before us upon hearing granted after decision by the appellate court.

Said action was brought by one Andrew Flink against petitioner herein, A. Paladini, Incorporated, to recover damages in the amount of $75,000 for personal injuries resulting in total blindness sustained by him on the high seas while employed as a marine engineer on a tugboat of said corporation. After filing suit against the corporation, Flink commenced a separate stockholders' liability suit in respondent Superior Court against all the stockholders to recover for the same injuries. Subsequently the five stockholders owning all the stock of A. Paladini, Incorporated, instituted a proceeding in the federal District Court under Admiralty Rule 51 (U. S. C. A., title 28) to limit their liability on account of said injuries to the value of the tugboat, fixed by the federal court at $5,000. At the time of application to the appellate court for writ of mandate to compel dismissal of the state court action against the corporation, said limitation proceeding was still pending. A motion to dismiss the state court action against the corporation, made under section 583, of the Code of Civil Procedure, was denied by respondent Superior Court on the ground that the stockholders' federal limitation suit had stayed further prosecution of the state court action against the corporation. No dismissal of the separate stockholders' liability suit in the state court is sought.

If as a matter of law the federal limitation suit stayed further proceedings in the suit against the corporation in the state court, then the five-year period prescribed by section 583 would not run during the time plaintiff was prevented thereby from bringing his action to trial. The main contention of petitioner is that the federal limitation proceeding initiated by the *stockholders* to limit their stockholders' liability did not operate to stay the action against the *corporation,* whose liability under the California law was separate and independent from that of its stockholders. To clarify the matter it is pertinent here to describe briefly the nature of the limitation suit provided for by Admiralty Rules 51–57.

Plaintiff Flink acted within his rights in electing to sue in the state court, which has concurrent jurisdiction with the federal courts of actions *in personam* to recover a personal money judgment for maritime injuries. (1 C. J., p. 1253, sec. 24, and cases there cited.) Section 24 (3) of

the Judicial Code, U. S. C. A., title 28, section 41 (3), confers upon the District Courts of the United States admiralty and maritime jurisdiction, "saving to suitors in all cases the right of a common law remedy where the common law is competent to give it". (*Langnes* v. *Green,* 282 U. S. 531 [51 Sup. Ct. 243, 75 L. Ed. 520].) It was also proper for Flink to bring separate actions in the state court against the corporation and its stockholders. (*Ellsworth* v. *Bradford,* [186 Cal. 316 [199 Pac. 335].) ■ The right of damage claimants to bring suits in the state court cannot, however, operate to deprive the vessel owners of the right guaranteed to them by act of Congress to limit their liability for losses comprehended within said act to the value of their respective interests in the vessel. (U. S. C. A., title 46, secs. 183, 184, 185.) Admiralty Rules 51–57, adopted and promulgated by the United States Supreme Court, provide a special proceeding whereby ship owners may avail themselves of the benefits of the Limited Liability Act. (U. S. C. A., title 28, Admiralty Rules 51–57.) The federal courts have exclusive jurisdiction of a suit brought under said rules.

■ It is settled that the Limited Liability Act applies to claims against ship owners for personal injury and death, as well as to claims for loss of or injury to property. (*Craig* v. *Continental Ins. Co.,* 141 U. S. 638 [12 Sup. Ct. 97, 35 L. Ed. 886] ; *In re Eastern Transp. Co.,* 37 Fed. (2d) 355.) It is also well established that a corporation which owns a ship, like other owners, is entitled to limit its liability under said act. (*Pocomoke Guano Co.* v. *Eastern Transp. Co.,* 285 Fed. 7.) And in *Flink* v. *Paladini,* 279 U. S. 59 [49 Sup. Ct. 255, 73 L. Ed. 613], the Supreme Court of the United States has held that stockholders of a corporation are entitled to limit their separate personal liabilities as stockholders under the California law as it stood prior to 1931. ■ The question to be decided in the instant case is whether a proceeding initiated by the stockholders to limit their statutory stockholders' liability stays a state court action against the corporation on account of its independent liability. We are impelled to the conclusion that the action against the corporation is not stayed.

The procedure in a limitation suit brought under Admiralty Rules 51–57 is as follows: Upon the filing of a petition for limitation of liability by the owner or owners, the court

makes an order for appraisement of the value of the respective interests of the owners seeking limitation of liability, and for payment into court of the appraised value, or giving a stipulation therefor, with sureties. Or the court may, at the election of the owners, order transfer of the vessel to a trustee appointed by the court. All persons having claims against the owners petitioning for limitation are given notice by monition to file them within a fixed time. The ship owners may also claim exemption from liability. Damage claimants may contest the right of the owners to exemption or limitation. If the limitation of liability is allowed, the sum deposited in court or secured to be paid, or the amount realized from the sale of the vessel in the event of transfer, becomes a fund for distribution *pro rata* among claimants, as ordered by the court, and the owners are discharged from further liability, and cannot thereafter be proceeded against in state or federal courts.

It follows from the very nature of a suit brought under Admiralty Rule 51, of which the federal courts have exclusive jurisdiction, and which by the express terms of said rule may be commenced *after* suits have been filed in the state courts, that further proceedings in state or federal courts against owners petitioning for limitation upon claims within the limitation proceeding must cease, and the act so provides. (U. S. C. A., title 46, sec. 185.) Payment of the value of the vessel into court or giving a bond therefor has the same effect. Although Rule 51 provides for issuance of an express injunction, a stay is created by force and effect of the statute without the necessity for an injunction. (*The San Pedro,* 223 U. S. 365 [32 Sup. Ct. 275, 56 L. Ed. 473, Ann. Cas. 1913D, 1221]; *Providence & N. Y. Steamship Co.* v. *Hill Mfg. Co.,* 109 U. S. 578 [3 Sup. Ct. 379, 617, 27 L. Ed. 1038].) To permit a state court to render and enforce a judgment in an action for damages brought against the ship owners to recover for personal injuries would defeat the owners' right to have their liability limited to the value of the vessel, and the sum deposited by them, or secured to be paid, distributed *pro rata* among all claimants in full discharge of their liability in the single unified proceeding provided for by Rule 51. This right is secured by federal enactment.

The effect of the federal limitation proceeding is not to remove the cause once and for all from the state court to the federal court, but merely to stay further proceedings in state court actions. Although the federal court has jurisdiction to make a complete disposition of all claims for damages in the event it denies the owner's right to limit liability (*Hartford Accident & Indemnity Co.* v. *Southern Pac. Co.*, 273 U. S. 207 [47 Sup. Ct. 357, 71 L. Ed. 612]; *Spencer Kellogg & Sons, Inc.*, v. *Hicks* (*The Linseed King*), 285 U. S. 502 [52 Sup. Ct. 450, 76 L. Ed. 903]), in the exercise of a sound discretion it may return the parties to the state court action filed prior to the limitation proceeding where it disallows the right of limitation, and also in certain other cases. (*Langnes* v. *Green*, 282 U. S. 531 [51 Sup. Ct. 243, 75 L. Ed. 520]; *Petition of Liverpool, Brazil etc. Nav. Co.*, 57 Fed. (2d) 176; *In re Putnam*, 55 Fed. (2d) 73.) In the instant case it does not appear from the record before us that it has been determined that the injuries occurred without the "knowledge or privity" of the corporation, and this is a condition to its right to limit liability. (U. S. C. A., title 46, sec. 183; title 28, Admiralty Rule 51.)

The theory of the appellate court in ordering a dismissal of the action against the corporation for failure to bring to trial was that no stay of actions against either the corporation or its stockholders was shown to exist for the reason that there was no proof that the vessel had been surrendered, or her value paid or secured to be paid into the federal court in the limitation suit. The return to the petition for writ of mandate contained a certified copy of the monition or summons to file claims, which by express provision of Rule 51 is authorized to be issued only *upon compliance* with the court's order for payment, filing of a stipulation or surrender of the vessel. Said monition is an order of the federal District Court. It cannot be presumed to defeat its injunctive effect that it was issued by the court in violation of the clear and explicit requirement of the admiralty rule. Since the transfer to this court, there has been filed, with leave of this court, a certified copy of the federal District Court's order directing issuance of the monition, from which it appears that the five stockholders of the A. Paladini corporation have filed a stipulation for the total value of the tugboat in the sum of $5,000.

Having set forth the nature of a federal suit to limit liability, we now pass to explain further our conclusion, indicated above, that a limitation suit filed by stockholders to limit their statutory stockholders' liability does not stay state court actions against the corporation on account of its liability.

An express injunction is contained in the order directing issuance of the monition. Said injunction restrains prosecution of any and all suits against the five *stockholders*, naming them. The purpose of the express injunction in these cases is but to declare the stay created by the force and effect of the statute and admiralty rules. (*The San Pedro, supra.*) The fact that the express injunction, issued under the hand of the judge and seal of the court, makes no reference to suits against the *corporation*, is strongly persuasive of the conclusion that said federal judge was of the view that the stockholders' limitation suit did not operate to stay state court actions against the corporation. This conclusion is further borne out by the monition, which directs filing of claims against the stockholders, naming them, and does not direct filing of claims against the corporation.

The federal District Court subsequently set aside this express injunction. Upon appeal taken by the stockholders, the Circuit Court of Appeals and the Supreme Court in reversing the District Court held that the object of the Limited Liability Act is to protect those who invest in shipbuilding and shipping enterprises, and in the light of this purpose, the term "owners" as used in the act should be taken in a "broad and popular" sense to enable those who invest through purchase of stock to limit their individual and personal stockholders' liability under the California law. (*Flink* v. *Paladini*, 279 U. S. 59 [49 Sup. Ct. 255, 73 L. Ed. 613; Id., 26 Fed. (2d) 21.) But said opinions contain no intimation that the effect of the stockholders' petition is to stay suits against the corporation.

Under the law of this state as it stood prior to the 1931 amendment of our corporation law, each stockholder was individually and personally liable for such proportion of all debts of the corporation as the stock owned by him bore to the subscribed capital stock. The liabilities of the stockholders and the liability of the corporation were sep-

arate and independent. (*Morrow* v. *Superior Court*, 64 Cal. 383 [1 Pac. (2d) 354] ; 6 Cal. Jur., p. 982, secs. 367–414.) The consequences of this principle are manifest in the decisions. Separate actions are maintainable against the corporation and stockholders. (*Ellsworth* v. *Bradford, supra; Buttner* v. *Adams,* 236 Fed. 105; *Greenleaf* v. *Jacks,* 133 Cal. 506 [65 Pac. 1039] ; *The Griffin etc. Co.* v. *Magnolia etc. Co.,* 107 Cal. 378 [40 Pac. 495] ; 6 Cal. Jur. 1028.) A judgment obtained against the corporation binds its assets and property, but is not enforceable against the stockholders and their property. Even where the action is based on an unliquidated liability an action may be brought against the stockholders before suit against the corporation. (*Douglas* v. *Orth,* 44 Cal. App. 95 [185 Pac. 1005] ; *Damiano* v. *Bunting,* 40 Cal. App. 566 [181 Pac. 232].) A judgment obtained against the corporation is admissible as evidence in a subsequent action against the stockholders, but is not conclusive against them as to the existence or amount of the liability. (*Ellsworth* v. *Bradford, supra.*)

The corporation in defending an action against itself does not act on behalf of its stockholders as regards their individual stockholders' liability, nor do said stockholders represent the corporation in actions brought against them. (*Ellsworth* v. *Bradford, supra.*) There can be but one satisfaction of the debt, of course. The right of the corporation to control the prosecution of actions against it resides in its board of directors. It is the right of each stockholder to act for himself as to his proportionate liability, which is several as regards the liability of other stockholders and the corporation. It may be the will of the corporation not to avail itself of its right to bring a federal limitation suit, but to take its chances of success in defeating liability in the state court action; or the corporation may not be entitled to claim limitation upon claims as to which the stockholders may limit their proportionate liability. To illustrate, it is a condition of the right to claim limitation that the loss shall have occurred without the "knowledge or privity" of the petitioner for limitation. The fault or participation of the managing officers of a corporation are chargeable to the corporation to destroy its claim to limitation (*In re Eastern Transp. Co., supra; Pocomoke Guano Co.* v. *Eastern Transp. Co., supra*), but a stock-

holder who is personally free from fault is nevertheless entitled to limit his liability.

The right secured to the corporation to limit its liability, and the corresponding right in the stockholders as to their several personal liabilities, does not include a right in either to compel the other to become a party to a federal limitation suit. As we view the matter, the corporation is no more a necessary party to a limitation suit brought by the stockholders to limit their personal stockholders' liabilities, which are primary liabilities, than to other suits brought by or against the stockholders. The decision of the Supreme Court in *Flink* v. *Paladini, supra,* does not abrogate the distinction between the corporation and its stockholders, but expressly states that said distinction "cannot be overlooked even in extreme cases". The corporation which owns a vessel must pay or secure the payment of the total value of the ship to limit its liability. The stockholder pays only the value of his interest in the ship, which for this purpose is in the same ratio as his ownership of stock in the corporation. He thereby limits his personal proportionate liability, not the independent liability of the corporation for the entire debt.

A state court action against the corporation may proceed concurrently with a federal limitation suit brought by stockholders, since the liabilities are separate and independent. A judgment recovered against the corporation will be enforceable only against its property, and will not destroy or affect the right of any stockholder to limit his personal liability. The right secured to each stockholder as a "part owner" is to have his *personal* liability to all claimants limited and discharged in a single action where he shall pay or secure to be paid a sum fixed by the court as the value of his interest. This sum will be ordered distributed *pro rata* among all who have claims against him, and thereby such "part owner" or stockholder will be protected from multiplicity of separate suits against him.

We conclude that further prosecution of the action against the corporation in the state court was not stayed, but plaintiff Flink should have brought said action to trial. It must now be dismissed under section 583 of the Code of Civil Procedure. Flink is not without remedy, but is confined

to his rights against the stockholders, who have filed a bond for $5,000 in the limitation suit.

The writ of mandate is granted.

Preston, J., Thompson, J., Langdon, J., Curtis, J., and Shenk, J., concurred.