[Civ. No. 6006. Third Appellate District.—April 4, 1939.]

CHAN BUCK SUN, Appellant, v. BESSIE HAINES et al., Defendants; B. B. KRASNOW, Respondent.

Thomas B. Leeper for Appellant.

James C. Nichols and Thomas O'Hara for Respondent.

THE COURT.—The plaintiff has appealed from a judgment which was rendered against him in a suit for stockholder's liability for money received by a corporation as proceeds of sales of fruit produced on its farm pursuant to the terms of a lease thereof. A former judgment in favor of the plaintiff for the sum of $21,913.41 was rendered against the corporation. This suit was brought in July, 1929, under section 322 of the Civil Code, which was repealed in 1931. (Stats. 1931, p. 444.) It was partially tried in 1931, and was completed November 13, 1937. The case was not dismissed for failure to prosecute the suit with diligence, because the trial was actually commenced in 1931. It is contended the judgment which was rendered against the corporation in 1929 is *res judicata* and controlling upon the stockholders in this action with respect to the terms of the contract and the amount of stockholder's liability, and that the findings of the court in this case fail to support the judgment. The cause appears to have been abandoned against all stockholders of the corporation except B. B. Krasnow, in favor of whom the judgment was rendered. The appeal is presented on a bill of exceptions. The evidence is not before us.

The record shows that R. Krasnow & Sons, Inc., a Delaware corporation, owns 71 acres of farm land at Hood in Sacramento County. November 15, 1926, the corporation leased the land to the plaintiff for three years upon terms which provide that the lessee shall cultivate, produce, harvest and deliver to the lessor at the plaintiff's sole cost and expense all fruit grown thereon. The lessor was required to grade, wrap, pack and box all fruit, charging the lessee with his proportion of the cost thereof. The lessee was to receive sixty per cent of the net proceeds of sales of fruit. It was agreed the lessee might sell his share of the fruit to canneries of his own designation, *only through the agency of the lessor,* who should receive "standard commissions and charges therefor". All money advanced by the corporation to the lessee for machinery, expenses of farming and harvesting crops, was to be deducted from the lessee's share of

the proceeds of sales, together with interest thereon at the rate of 7 per cent per annum.

July 13, 1927, the plaintiff, as party of the first part, and R. Krasnow & Sons, Inc., a corporation, as party of the second part, executed an instrument modifying some of the terms of the original lease. These two documents must be construed together. This second instrument also provides that the lessee shall cultivate, farm, produce and harvest all fruit on said ranch at his own cost and expense, and that all fruit shall be marketed only through the agency of the corporation. The third paragraph provides in that regard:

"The said party of the second part [corporation] shall have full control of the said crops, and of the times when, the places where, and the parties to whom, and the price for which, said crops shall be sold or disposed of, and the manner and means of transportation thereof."

The terms of the original contract remained in force with respect to the shares of the crops which were to belong to the respective parties. The plaintiff was to receive the proceeds of the sales of sixty per cent of the fruit produced. It is provided, however, that the plaintiff shall be paid by the corporation per box for his sixty per cent of all pears produced and sold *in the year 1927* the sum of "$1.75 f. o. b. at Hood, California, from which shall be deducted 10% commission, 50c packing charges per box, and 5c loading charge per box". From plaintiff's share of the net income of sales, the corporation was authorized to retain all money advanced by the corporation to the plaintiff on account of farming enterprise.

On the same day that the amendment to the contract was executed a second modification of the contract was also executed which merely provides that sixty tons of fruit produced from the ranch "shall be sold and delivered to canneries in the vicinity of the ranch in shares as per lease and the remainder of the crop shall be shipped to eastern markets. The price to be paid by lessor for the share of the lessee is to be One and 75/100 Dollars ($1.75) per box f. o. b. cars at Hood, *as per contract, less commissions and charges mentioned in lease.*"

At this trial the court found that the plaintiff produced 21,327 boxes of pears; that he is entitled to the proceeds of the sale of sixty per cent thereof, which is 12,796 boxes, at

the specified contract price of $1.75 per box, less 72½ cents per box, which includes 50 cents for packing, 5 cents for loading and 10 per cent, or 17½ cents per box as stipulated commissions; that the plaintiff is therefore entitled to credit for 12,796 boxes of pears at $1.02½ per box, aggregating the sum of $13,116.21; that in addition thereto plaintiff is entitled to a further credit of $847.92, being 60 per cent of the proceeds from the sale of plums and cherries also produced; that the total sum to which the plaintiff is entitled to credit is $13,964.13. But the court found that the plaintiff was indebted to the corporation in the sum of $12,000 for money advanced, which sum is not disputed; that the plaintiff received the aggregate sum of $3,468.70 by levying an execution to secure payment of the judgment of $21,913.41 which he previously recovered against the corporation for the same indebtedness; that the total amount for which the corporation is entitled to credit is $15,468.70, which more than pays the indebtedness due to the plaintiff.

The court therefore properly held that the indebtedness of the corporation was fully paid, and that the plaintiff was entitled to recover nothing in this action against the stockholder B. B. Krasnow.

█ Two contentions, chiefly, are made by the appellant, upon which a reversal of this judgment is sought: First, that the amendment to the contract with respect to the agreement of the plaintiff to accept the gross sum of $1.75 per box for his share of the fruit sold, was rescinded; and, second, that the judgment against the corporation, which was rendered January 16, 1929, is *res judicata* as to the terms of the contract and therefore is determinative of the amount which plaintiff is entitled to recover from the stockholders in this suit.

It is true that the fifth paragraph of the first amendment to the contract of July 13, 1927, provides in part:

"The term of this agreement shall be from the 13th day of July, in the year 1927, to the 15th day of October, in the year of 1927, and thereafter until all indebtedness of every kind and description is paid by the said party of the first part to the said party of the second part (R. Krasnow & Sons, Inc.), and all obligations of every kind in favor of the said party of the second part fully performed and discharged by the said party of the first part, and also thereafter, unless

three days' notice in writing is given by either party to the other electing to terminate this contract.''

The court found that on October 5, 1927, the appellant did serve the corporation with written notice that he rescinded the contract on the ground that the corporation failed to ''deliver sixty (60) tons of said pears to the canneries as mentioned in said agreement''.

The court, however, further found in that regard that prior to the service of said notice of rescission all of the pears had been sold and shipped to an eastern market; that the plaintiff ''had prevented and excused'' the corporation from delivering said sixty tons of pears to the local cannery; that the plaintiff had previously mortgaged the crop to the Bayside Canning Company, contrary to the terms of the contract, and had otherwise breached its terms, and thereby waived his right to rescind the contract, and that ''said agreements were never rescinded, but remained in full force and effect''.

Since the bill of exceptions contains no evidence adduced at the trial, we must assume that the testimony adequately supports the findings that in spite of the written notice the plaintiff waived that notice and ''prevented and excused'' the corporation from delivering sixty tons of pears to the local canneries; that the plaintiff was in default and forfeited his right to rescind the contract before the notice was served, and that the contract was not in fact rescinded.

Moreover, this is not a suit for rescission of the contract. It is an action for stockholder's liability based upon the validity of the contract. The plaintiff could not rescind the contract without offering to restore the money which he borrowed to farm the ranch, and without satisfying the mortgage which he had executed in favor of Bayside Canning Company. (Sec. 1691, Civ. Code.) If the plaintiff assumes that the contract was rescinded, and that the corporation's failure to deliver sixty tons of pears to local canneries was an element of damage, there is absolutely no evidence that the sale of sixty tons of pears to a local cannery would have brought a greater net price than $1.02½ per box which the plaintiff received.

The appellant contends the judgment should be reversed or modified because the court neglected to credit him with legal interest on $1964.13 found to be due October 5,

1927. The record does not sustain that contention. We assume the court did not compute interest on the above sum found to be due to the plaintiff for the reason that the evidence shows it was completely satisfied by the money which was subsequently collected on execution in the former case. The court did find that the aggregate sum of $3,468.10 was collected by the plaintiff by means of the levying of an execution. This record does not show when that money was collected on execution. But $1964.13 with compound interest at 7 per cent for eight years would aggregate less than the amount which was collected by execution. The former judgment upon which the execution was issued was rendered January 16, 1929. In the absence of evidence to the contrary, we may not assume the sum of $3,468.10 was not collected for more than six years after the former judgment was rendered. The statute of limitations would expire within five years of the rendition of the judgment. (Sec. 336, Code Civ. Proc.) An execution could not thereafter issue except upon special proceedings under section 685 of the Code of Civil Procedure. No such proceedings appear in the record. Even though the court failed to allow plaintiff interest on the amount found to be due in 1927, there is nothing in the record which will warrant this court in assuming it would overbalance the sums for which the corporation was entitled to credit. It follows that we must assume the court correctly determined that the plaintiff is entitled to recover nothing by this action.

■ The appellant's theory upon which a reversal of the judgment in this case is founded is that the former judgment in the suit against the corporation is *res judicata* and binds the stockholders. The former judgment against the corporation was based solely on the original contract of November 15, 1926, which provided that plaintiff should be entitled to sixty per cent of the fruit produced and the same proportion of the proceeds derived from the sales thereof. It did not take into consideration the amendment of July 13, 1927, which changes the entire basis of plaintiff's share of the produce and limits him to only sixty per cent of the pears produced at the fixed price of $1.75 per box, less 10 per cent commissions, 50 cents per box for packing, and 5 cents per box for loading. It does not appear that the modi-

fied contract of July 13, 1927, was ever called to the attention of the court in the suit against the corporation. At least the findings in that case do not take it into consideration. The court in this case specifically finds that the former judgment made no allowance to the corporation for the agreed commissions, packing and loading charges allowed by the amended contract. Assuming that the findings of the court in this case are amply supported by the evidence in that regard, we must presume the former judgment is erroneous unless it is *res judicata* of the issues involved in this case and therefore binds the stockholders with respect to the construction of the contract.

In this suit for stockholder's liability under the provisions of section 322 of the Civil Code, as it existed prior to 1931, the previous judgment in the suit against the corporation is not *res judicata* with respect to the terms of the contract or otherwise. The court had an absolute right to ascertain and determine the liability of the stockholders in this suit, regardless of the conclusions of the court in the former suit against the corporation.

In the prior action the plaintiff sued the corporation; here he sues the stockholders. It was an established rule in California that the peculiar type of stockholders' liability formerly in force in this state, upon which this action is founded, made stockholders directly and primarily liable for the obligations of the corporation, and independently of it. If this liability is primary and independent, it follows that even a judgment on the merits in an action against the corporation is not *res judicata* in a subsequent action against the stockholders, and it has been so held in many cases. (See *Ellsworth* v. *Bradford,* 186 Cal. 316 [199 Pac. 335]; *A. Paladini Inc.* v. *Superior Court,* 218 Cal. 114 [21 Pac. (2d) 941]; 9 Cal. L. Rev. 495; 2 So. Cal. L. Rev. 370.)

The preceding case from which we have quoted is conclusive of the chief contention of the appellants in this action. The court in the present case against the stockholders was authorized to consider all competent evidence to ascertain and determine their liability, independently of the judgment in the former case against the corporation. That judgment is not *res judicata* of the issues in this case.

The findings in this case are entirely reconcilable and adequately support the judgment.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 1, 1939.