[Civ. No. 1662. First Appellate District.—January 28, 1916.]

UNION TRUST COMPANY OF SAN FRANCISCO, Respondent, v. W. E. JOURNEAY et al., Appellants.

CORPORATION LAW—STOCKHOLDER'S LIABILITY—NATURE OF.—The liability of a stockholder of a corporation for its obligations is, by the terms of section 322 of the Civil Code, a primary and statutory liability, which is in no wise affected by actions against the corporation to recover upon its contractual obligations.

ID.—ACTION AGAINST STOCKHOLDERS—PLEA IN ABATEMENT—PENDENCY OF ACTIONS AGAINST CORPORATION AND AGAINST STOCKHOLDERS ON GUARANTY.—A plea of former actions pending, to be successful, must be based upon actions between the same parties and upon the same cause of action; and such a plea cannot be successfully made in an action against stockholders of a corporation upon their statutory liability, where it is based upon a former action against the corporation itself and an action against some of the stockholders on a guaranty of indebtedness of the corporation executed by them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George E. Crothers, Judge.

The facts are stated in the opinion of the court.

Daniel O'Connell, for Appellant.

Heller, Powers & Ehrman, and James L. Robison, for Respondent.

THE COURT.—This is an appeal from a judgment in plaintiff's favor and from an order denying defendant's motion for a new trial.

The action is one brought upon the alleged statutory liability of the defendants as stockholders of a corporation known as Ensign-Baker Refining Company, upon an alleged indebtedness of said corporation evidenced by a promissory note of the Ensign-Baker Company, executed by its duly authorized officers and delivered to the plaintiff, upon which a balance remained unpaid at the time of the institution of this action amounting to twelve thousand five hundred dollars, with accumulated interest. The only substantial question raised by the defendant's answer and urged upon this appeal is that arising from their plea of another action or actions pending.

The facts upon which this alleged defense to this action and objection to the judgment herein is based are these: On December 15, 1910, the Ensign-Baker Company, a corporation, of which these defendants were then stockholders, borrowed from the plaintiff the sum of twenty thousand dollars, executing a promissory note therefor in said sum. At or prior to this time the plaintiff was the holder of a written instrument constituting a general and continuing guaranty of all indebtedness of the Ensign-Baker Company to it, signed by the defendants W. E. Journeay, E. J. Ensign, L. E. Ensign, F. C. Ensign, and E. C. Dickinson. The particular indebtedness above referred to not having been liquidated, the plaintiff on October 13, 1913, commenced an action against said corporation to recover judgment upon its promissory note evidencing said indebtedness. On October 15, 1913, the said plaintiff also commenced an action against the five above-named persons, who had executed said guaranty to recover judgment upon their liability for said particular indebtedness as guarantors. Each of these actions proceeded to judgment, which was entered in each action in the early part of the year 1914, and in each of which cases an appeal was immediately taken. The present action was begun by plaintiff about two months before the entry of the said judgments in the two preceding actions. None of the defendants herein were parties to the first of said actions begun against said corporation, but five of the nine defendants in the present action were also defendants in the second action which, as we

have seen, was brought to recover judgment upon their general guaranty of the indebtedness of said corporation.

The foregoing statement of the character of these several actions and of the parties thereto will serve to show that there is no merit in the defendants' contention upon the trial of this case and upon this appeal. Neither of the two former suits was an action pending against the same parties or for the same cause of action. These are the distinctive essentials to a successful plea of another action pending. (*Hall* v. *Susskind,* 109 Cal. 203, [41 Pac. 1012], and cases cited.) This is an action upon the stockholder's liability of each of these defendants which, by the terms of section 322 of the Civil Code as construed in numerous decisions, is made a primary and statutory liability, which is in no wise affected by actions against the corporation of which they are stockholders to recover upon its contractual obligations. And for the same reason and by the same authorities this action would be unaffected by the action brought against some of these defendants upon their contractual liability as general guarantors of the indebtedness of said corporation, in which their relation to it as stockholders is in no wise involved.

It follows that the judgment and order should be affirmed, and it is so ordered.