[Civ. No. 6295. First Appellate District, Division One.—June 4, 1928.]

A. N. WALDRON, Respondent, v. ERNEST C. LYON et al., Defendants; A. E. WALLACE et al., Appellants.

D. Joseph Coyne for Appellants.

Norman T. Mason for Appellant Harriman.

McGee, Sumner & Tilden for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment entered severally against the defendants, and from such judgment defendants A. E. Wallace, J. W. Harriman, Sam McKee, and C. Pederson have appealed.

The complaint alleges and the court found the following facts: That on or about June 20, 1923, Shallow Field Oil Company became indebted to the Marine Trust & Savings Bank of Long Beach for money loaned in the sum of $15,000, for which Shallow Field Oil Company delivered to such bank its promissory note, which note was indorsed by Andrew N. Waldron, Herbert Jutson, Thos. H. Waldron, M. V. Housman, F. S. Brennan, J. K. Hull, Libbie S. Lotz, F. B. Steen, W. F. Pascoe, C. I. Thorpe, and J. H. Sleeper; that the note was so indorsed for a valuable consideration; that at maturity the note was presented for payment to Shallow Field Oil Company, but no part thereof was paid, and suit was brought upon the note and judgment by default was entered against the maker and indorsers of the note, and each of them became obligated to pay, and indorsers Herbert Jutson, M. V. Housman, F. S. Brennan and Libbie S. Lotz paid the amount due to Marine Trust & Savings Bank; that on or about December 11, 1922, Shallow Field Oil Company became indebted to the Marine Trust & Savings Bank of Long Beach for money loaned in the sum of $10,000, for which Shallow Field Oil Company delivered to such bank its promissory note, which note was indorsed by J. K. Hull, F. S. Brennan, M. V. Housman, W. F. Pascoe, John H. Sleeper, F. B. Steen, and Thos. H. Waldron; that this note was indorsed for a valuable consideration and at maturity was presented for payment to Shallow Field Oil Company, but no part thereof was paid, and suit was brought upon the note, and a default judgment was entered against the maker and indorsers of the note, and each of them became obligated to pay, and indorsers Herbert Jutson, M. V. Housman, F. S. Brennan, and Libbie S. Lotz paid the amount due to the bank; that on or about February 2, 1922, Shallow Field Oil Company became indebted to one John K. Hull, trustee, for money loaned in the sum of $3,500, for which Shallow Field Oil Company delivered to John K. Hull, trustee, its promissory note; that Shallow Field Oil Company within three years prior to the filing of the complaint became indebted to A. W. Wallace in the sum of $750, George Edwin in the sum of $250, I. N. Vining in the sum of $350, Pugh-Miller Drilling Company in the sum of $5,000, and that prior to the commencement of the action the indorsers Herbert Jutson,

M. V. Housman, F. S. Brennan, and Libbie S. Lotz of the first two promissory notes mentioned, and who did pay and discharge the indebtedness of Shallow Field Oil Company to Marine Trust & Savings Bank, and A. E. Wallace, George Edwin, I. N. Vining, and M. V. Housman, did severally sell, assign, and transfer unto plaintiff their respective claims against Shallow Field Oil Company, and that plaintiff is now the owner and holder of such claims.

Appellant urges three points: First, that no action can be maintained on the first two promissory notes under the theory of the stockholders' liability for the reason that the principal obligation was satisfied by the payment of the notes, and only an action in *assumpsit* would lie against the corporation for reimbursement or for a contribution between indorsers, and cites us to sections 2847 and 2848 of the Civil Code; that no action was filed against the corporation to seek reimbursement in *assumpsit*, nor was the corporation made a party to the suit. In answer to this objection it may be said that plaintiff's action is not on the notes, but on a new and original obligation which arose *ipso facto* by operation of law when the notes and the obligations evidenced thereby were paid by the indorsers of the notes. The case of *Yule* v. *Bishop,* 133 Cal. 574 [62 Pac. 68, 65 Pac. 1094], cited by appellant, is not in conflict with this view, nor are the other cases cited. The cause of action against the stockholders, although arising at the same time as that against the corporation, is entirely independent of the cause of action against the corporation, and the creditor need not resort to the assets of the corporation nor seek a judgment against it before bringing an action against the stockholders (*Eva* v. *Anderson,* 166 Cal. 420 [137 Pac. 16]; *Ellsworth* v. *Bradford,* 186 Cal. 316 [199 Pac. 335]; *Union Trust Co.* v. *Journeay,* 29 Cal. App. 502 [156 Pac. 999]). The fact that plaintiff was a stockholder in Shallow Field Oil Company, or that plaintiff's assignors were also stockholders in such company, does not affect plaintiff's right to recover on the assigned claims their *pro rata* share of the corporate indebtedness from the other stockholders (*Knowles* v. *Sandercock,* 107 Cal. 629, 640 [40 Pac. 1047]).

*Yule* v. *Bishop, supra,* principally relied upon by appellants, is a case where the accommodation indorser paid the

note and took an assignment of the note from the bank. She subsequently assigned the note to one Black, who brought an action against the corporation and recovered judgment for the amount so paid by the accommodation indorser. Thereafter the note was assigned to the plaintiff, who brought suit to enforce the statutory liability of the stockholders on this debt of the corporation evidenced by the note and judgment, which original debt the court held no longer existed—that by the payment to the payee the note became extinguished and ceased to be a binding obligation. Here plaintiff does not seek to recover on the notes but upon a new obligation which arose *ipso facto* by operation of law when the notes and the obligations evidenced thereby were paid by the indorsers.

Appellant's next point is that the testimony of M. V. Housman, a witness called by plaintiff, shows that Housman paid the $5,000 as a volunteer—as a stockholder whose primary obligation was to pay the corporate debts, and as an officer and director he was not in a position to agree to repay himself in such manner as to constitute him a surety for the corporation debt to Pugh-Miller Drilling Company on a partial settlement of a demand in suit paid to release an attachment on his private business; that the evidence shows an entire lack of authority to support the allegation that the Shallow Field Oil Company promised and agreed to repay Housman the money paid to release the attachment. The court, however, finds that the sum of $5,000 was paid at the special instance and request of the corporation upon account of the indebtedness to Pugh-Miller Drilling Company, and that the corporation agreed to repay to Housman the $5,000 and that no part thereof had been paid. We must assume, therefore, that this finding of fact is sustained by the evidence which was presented at the trial, as appellants have not in their bill of exceptions made any specification of insufficiency in that respect (*Winterburn* v. *Chambers*, 91 Cal. 170, 185 [27 Pac. 658]).

There is no merit in the final objection to the sufficiency of the assignment from M. V. Housman to plaintiff. The assignment contains the following: " . . . do hereby sell, assign and transfer to said A. N. Waldron all and whatsoever sum or sums of money now due to me from

the Shallow Field Oil Company, a corporation, or the stockholders thereof.''

This disposes of the points urged by appellants in support of their appeal, and from what has been said it follows that we find no error in the record.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 2, 1928, and the following opinion then rendered thereon:

THE COURT.—Appellant's petition to have the above-entitled cause heard and determined by this court after judgment in the district court of appeal of the first appellate district, division one, is denied.

It is urged in the petition for hearing that certain points presented by the appellant were not considered by the district court of appeal, in its decision affecting the judgment of the court below, or, if they were considered, that the grounds of its decision as to them were not stated.

We have examined the record on appeal in the light of this contention and are of the view that the trial court and the district court of appeal reached a proper conclusion as to the liability of the defendants in the premises. We therefore deem it unnecessary to grant a hearing merely for the purpose of considering the points presented in the petition.