### ALLIS *v.* INSURANCE COMPANY.

1. Where it can see that no harm resulted to the appellant, this court will not reverse a decree on account of an immaterial departure from the technical rules of proceeding.
2. The statute of Minnesota declares that, in the foreclosure of a mortgage by a proceeding in court, the debtor, after the confirmation of the sale, shall be allowed twelve months in which to redeem, by paying the amount bid at the sale, with interest. Where, in a foreclosure suit, a decree, passed by a court of the United States sitting in that State, ordered the master, on making the sale, to deliver to the purchaser a certificate that, unless the mortgaged premises were, within twelve months after the sale, redeemed, by payment of the sum bid, with interest, he would be entitled to a deed, and should be let into possession upon producing the master's deed and a certified copy of the order of the court confirming the report of the sale, — *Held*, that the decree gave substantial effect to the equity of redemption secured by the statute.

APPEAL from the Circuit Court of the United States for the District of Minnesota.

The facts are stated in the opinion of the court.

*Mr. H. J. Horn* for the appellant.

*Mr. L. S. Dixon, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court for the District of Minnesota, ordering a sale of land in a proceeding to foreclose a mortgage. The appellant, who was defendant

below, entered his appearance in due time, but default was taken for want of answer, and a decree *pro confesso* rendered. The case was then referred to a master, to ascertain the sum due, and report a decree. This reference, and his report a few days after, and the decree now complained of, were all made during the same term of the court, and no exceptions were taken to the report.

We are asked to reverse the decree and send the case back, because it does not appear that the appellant had notice of the time of the sitting of the master, or of the filing of his report. It is sufficient to say that the reference to the master was wholly unnecessary, as he had nothing to do but compute the sum due on the face of the papers, which the court ought to have done by itself, or by the clerk, or by the complainant's counsel. The papers are all now in this record, and there is no pretence of any mistake or wrong in these matters done to the appellant.

This court will not reverse a decree in chancery for an immaterial departure from the technical rules, when it can see that no harm resulted to the appellant.

But the assignment of errors attempts to raise the question which we considered in *Brine* v. *Insurance Company* (96 U. S. 627); namely, that the time given by the statutes of Minnesota for redemption after sale is disregarded by this decree.

The Minnesota statutes declare, that, in a foreclosure of a mortgage, by a proceeding in court, there shall be allowed to the debtor twelve months after the confirmation of the sale in which he may redeem, by paying the amount of the sale with interest.

The decree of the court in this case orders the master, on making the sale, to deliver to the purchaser a certificate that unless the property is redeemed within twelve months after the sale, by payment of the sum bid, with interest, he will be entitled to a deed.

And it proceeds to say that, unless the land be so redeemed within the twelve months, the purchaser shall be let into the possession upon the production of the deed of said master, and a certified copy of the order confirming the report of the sale.

It would seem probable from this that the court intends to defer the order confirming the sale until the time for redemption has expired, and that the report of the sale and the deed of the master will then be confirmed in one order. There does not seem to be any objection to this practice, as there will be no occasion to confirm the sale if the land is redeemed; and if it is not, the court can confirm the sale and approve the deed by the same final order.

We have, in the case above referred to, expressed the view that, if the courts of the United States give substantial effect to the right of redemption secured by the statute, they are at liberty in so doing to adhere to their own modes of proceeding. We think this has been done in the present case. The substantial right is to have a year to redeem. In the State courts, where the practice undoubtedly is to report the sale at once for confirmation, the time begins to run from that confirmation. But if in the Federal court the practice is to make the final confirmation and deed at the same time, it is a necessity that the time allowed for redemption shall precede the deed and confirmation. There is here a substantial recognition of the right to redeem within the twelve months, and we do not think there is any error for which the decree should be reversed.

*Decree affirmed*