## F. V. SMITH CONTRACTING CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. MUNICIPAL CORPORATIONS (§ 254*)—CONTRACTS—RECOVERY.

Greater New York Charter 1901 (Laws 1901, c. 466) § 419, authorizes heads of departments to make contracts without public letting for work where the estimated cost does not exceed $1,000. Section 149 requires claims against the city to be audited, with stated exceptions, and permits contractors dissatisfied with the audited amount to recover the fair value of work performed. *Held*, that a contractor cannot recover, under a contract involving less than $1,000, without pleading and showing either an audit of his claim or the fair value of his work and materials.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 254.*]

2. PLEADING (§ 217*)—DEFENSE—SUFFICIENCY.

That a defense is not properly pleaded becomes unimportant, if the complaint fails to state a cause of action.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 217.*]

3. MUNICIPAL CORPORATIONS (§ 254*)—CONTRACTS—PLEADING.

Under Greater New York Charter 1901 (Laws 1901, c. 466) § 149, requiring claims generally against the city to be audited, and permitting a contractor dissatisfied with the audit to establish the fair value of work and materials furnished by him, but prohibiting testimony to show a promise or agreement to pay any larger sum than the amount as audited, an allegation that a department agreed to pay plaintiff contractor a certain sum furnishes no proof, even prima facie, that the sum agreed to be paid is the fair value or the amount plaintiff is entitled to recover.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 254.*]

Appeal from Trial Term, New York County.

Action by the F. V. Smith Contracting Company against the City of New York. From an order setting aside the verdict (70 Misc. Rep. 132, 128 N. Y. Supp. 351), plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Charles J. Hardy, for appellant.

Terence Farlc, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. Plaintiff appeals from an order of the Trial Term granting defendant's motion to set aside the verdict and for a new trial.

The complaint alleges that on or about July 28, 1903, the defendant, by its department of water supply, gas, and electricity, made a contract with plaintiff to do work and furnish materials for a particular job, and promised to pay therefor the price or sum of $900; that plaintiff has performed the work required, which has been accepted by the department making the contract, and plaintiff's charge therefor has been certified to as correct by said department. Then follow allegations of the filing of a claim with the comptroller and of nonpayment. There is no allegation that the claim has been audited by the department of finance, or as to the fair value of the work done and materials furnished. Since the contract was executed in 1903, its validity must be tested, and the amount done under it determined, by the provisions of the Greater New York charter of 1901, in force at the time. Laws 1901, c. 466. The estimated cost of the work to be done was less than $1,000, and the contract was therefore one which, by section 419 of the charter, the commissioner of water supply, gas, and electricity was authorized to enter into without public letting upon sealed bids and proposals. The contract, therefore, appears to have been a valid one, lawfully made.

[1] The serious question in the case is as to the amount that may be recovered thereunder. Section 149 of the charter of 1901 introduced a new and most salutary rule respecting recoveries upon such contracts. So far as relevant to the case under consideration, that section reads as follows:

"No claim against the city or against any of the counties contained within its territorial limits, or payable in the first instance from moneys in the city treasury for services rendered or work done or materials or supplies furnished except (1) claims reduced to judgment, or (2) awards, costs charges and expenses duly taxed or ordered paid in judicial proceedings, or (3) claims arising under the provisions of contracts made at public letting in the manner provided in section 419 of this act, or (4) claims settled and adjusted by the comptroller, pursuant to the authority of this section, shall be paid, unless an auditor of accounts shall certify that the charges therefor are just and reasonable; and, except as hereinabove otherwise provided, all contracts with the city or any of such counties or with any public officer acting in its or their behalf, shall be subject to such audit and revision by the department. * * * If in any action at law against the city of New York to recover upon a claim not embraced within the exceptions hereinabove numerically specified, the amount claimed by the plaintiff is in excess of the amount as audited and presented by the department of finance, the plaintiff must establish his claim by competent evidence of value, and no testimony shall be admitted to show a promise or agreement by any officer or employee of the city or of any of the counties contained within its territorial limits, to pay any larger sum than the amount so audited or allowed by the department of finance."

Reading sections 419 and 149 together, the result is that while a head of department may make a contract for a particular job, of which the estimated cost is not more than $1,000, without public letting, the contractor may recover thereon only the sum at which the claim is audited by an auditor of accounts, or, if the contractor is dissatisfied with the audit, then the fair value thereof, to be established

by the contractor by competent evidence, and the amount which the officer of the city making the contract has promised to pay is expressly excluded as evidence of value. Since the contract in suit was made after the enactment of the provisions quoted from section 149, the plaintiff's rights were controlled thereby. It was therefore incumbent upon the plaintiff, in order to recover anything at all, to show either an audit of his claim or the fair value of his work and materials.

[2, 3] The plaintiff insists that defendant has not properly pleaded a defense based upon the provisions of section 149. Whether it has or not is unimportant, because the complaint itself is defective, in that it does not contain the necessary allegations to justify a recovery by plaintiff. As has been pointed out, section 149 permits the plaintiff to recover only the amount at which his claim has been audited, or the fair value of its work and materials. What it must prove it must allege, and hence a complaint upon a contract like the present, which contains no allegation of audit or value, fails to allege the necessary facts to justify any recovery. True, it alleges that the department making the contract agreed the plaintiff should be paid $900, and that allegation was probably necessary, or at least relevant, in order to establish the original validity of the contract; but the express provision of the statute is that the promise of the officer making the contract shall not be admitted as testimony of the value of the work. Therefore the allegation that the department agreed to pay a certain sum furnishes no proof, even prima facie, that the sum agreed to be paid is the fair value, or is the amount which plaintiff is entitled to recover.

The defendant is not, therefore, in the position of relying upon an affirmative defense, which needs to be specially pleaded. It does not claim that the contract is ultra vires, or otherwise illegal, or that payment may not be enforced for lack of an appropriation to meet it. Its position is that, even admitting all that plaintiff has alleged, no cause of action for an ascertainable sum has been pleaded or can be proven under the complaint as it stands. This contention we find entirely tenable, and it is therefore unnecessary to consider whether or not the answer contains effectual denials.

The order appealed from must be affirmed, with costs. All concur.