### RODGERS & HAGERTY, Inc., v. CITY OF NEW YORK. *

(Circuit Court of Appeals, Second Circuit.  November 13, 1922.)

No. 40.

**Admiralty ⊕13—Libel on maritime contract cannot be limited by city charter.**

> A maritime contract with a city for the unloading of a sunken scow can be enforced in a court of admiralty without regard to provisions of the city charter limiting its liability on such contracts, since the enforcement of those provisions of the charter in court of admiralty would destroy the uniformity of admiralty jurisdiction preserved by the United States Constitution.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel in admiralty by Rodgers & Hagerty, Inc., against the City of New York.  Decree for libelant, and respondent appeals.  Affirmed.

John P. O'Brien, Corp. Counsel, of New York City (Charles J. Carroll, of Brooklyn, N. Y., of counsel), for appellant.

Foley & Martin, of New York City (George V. A. McCloskey, of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge.  This is an appeal from a final decree in admiralty.  The appellee recovered below for services in unloading and removing a cargo of ashes from the sunken city scow No. 10 at Rikers' Island.  By the answer it is admitted that in September, 1920, the city of New York, through its commissioner of street cleaning, entered into an agreement with the appellee wherein the appellee undertook to unload and dispose of material then on a sunken scow of the city of New York known as "D. S. C. No. 10," and in consideration thereof the appellant, through its commissioner of street cleaning, promised to pay the appellee the sum of $950.  It is admitted by the answer that the work was performed, and it is pleaded that the comptroller refused to pay because of the terms of section 149 of the City Charter (Laws 1901, c. 466).  The appellee's bill was approved as correct by the proper officials; a clerk of the street cleaning department and the superintendent of final disposition certifying the services for which the charge was made were duly ordered and had been properly rendered.  It was admitted on the trial that the appellee's bill was not approved by the comptroller as provided by section 149 of the City Charter.  Section 149 of the Charter provides as follows:

> "* * * No claim against the city or against any of the counties contained within its territorial limits, or payable in the first instance from moneys in the city treasury for services rendered or work done or materials or supplies furnished except (1) claims reduced to judgment; or (2) awards, costs, charges and expenses duly taxed or ordered paid in judicial proceedings; or (3) claims arising under the provisions of contracts made at public letting in the manner provided by section four hundred and nineteen of this act; or (4) claims settled and adjusted by the comptroller, pursuant to the authority of this section, shall be paid unless an auditor of accounts shall

certify that the charges therefor are just and reasonable; and, except as hereinabove otherwise provided, all contracts with the city or any of such counties or with any public officer acting in its or their behalf, shall be subject to such audit and revision by the department of finance. * * * If in any action at law against the city of New York to recover upon a claim not embraced within the exceptions hereinabove numerically specified, the amount claimed by the plaintiff is in excess of the amount as audited and settled by the department of finance, the plaintiff must establish his claim by competent evidence of value, and no testimony shall be admitted to show a promise or agreement by any officer or employee of the city or of any of the counties contained within its territorial limits, to pay any larger sum than the amount so audited or allowed by the department of finance. * * * "

It is further provided by section 541 of said Charter, as amended by Laws 1909, c. 397, § 1:

"The said commissioner of street cleaning shall have power, and it shall be his duty * * * to contract for * * * the sweeping, cleaning, sanding, sprinkling, and flushing or washing of streets and the removal of street sweepings, and also to contract for the cremation, utilization or burning of street sweepings, refuse and garbage. * * * All such hiring, or purchases, or contracts, however, exceeding one thousand dollars in amount at any one hiring or purchase, shall be let by contract to the lowest bidder therefor, founded on sealed bids or proposals made in compliance with public notice advertised in the City Record; such notice to be published at least ten days prior to the opening of such proposals or bids: Provided, that nothing herein contained shall prevent said commissioner, whenever it shall be necessary, to hire such horses, carts, boats, steam tugs, scows, vessels, machines, or tools for a day or trip and for successive days and trips, without advertising of contract founded on sealed proposals or bids, at compensation by the day or trip, notwithstanding the aggregate compensation for such successive days or trips may exceed said sum of one thousand dollars."

The question presented by this appeal is whether this suit may be maintained in admiralty, when it appears that there has been no ordered revision and approval by the department of finance of the city of New York and no competent evidence adduced of the value of the services performed. It is established in the courts of the state of New York that an action may not be maintained where it appears that the amount has not been audited and settled by the department of finance, and where, upon the trial, the plaintiff does not adduce testimony establishing his claim by competent evidence of value. Smith Contracting Co. v. City of New York, 146 App. Div. 760, 131 N. Y. Supp. 479. But this is a suit on a maritime contract and is maintained by the libelant as a suit in admiralty. Such engagement and obligations cannot be nullified by the local laws of the city or state, where the contract happens to be entered into so as to prevent its enforcement in an admiralty court of the United States. Union Fish Co. v. Erickson, 248 U. S. 308, 39 Sup. Ct. 112, 63 L. Ed. 261.

In The Lottawanna, 88 U. S. (21 Wall.) 558, 22 L. Ed. 654, the court said:

"One thing, however, is unquestionable: The Constitution must have referred to a system of law coextensive with and operating uniformly in the whole country. It certainly could not have been the intention to place the rules and limits of maritime law under the disposal and regulation of the several states."

The Supreme Court has held that neither the local law nor the decisions could deprive one of redress, where the cause of action, mari-

time in its nature, was prosecuted in a court of admiralty of the United States. Workman v. New York City, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314.

In the case of The Thielbek, 241 Fed. 209, 154 C. C. A. 129, the statute of the state of Oregon empowered the city of Portland to maintain a towage and pilotage service and expressly provided, that in case of damage to vessel or cargo by reason of the negligence of the city's employés, the city should not be liable for any loss or injury in excess of $10,000. The Circuit Court of Appeals for the Ninth Circuit held the statute ineffective to limit the amount of the decree that might be rendered in admiralty and held that other local statutes could not abrogate or limit the maritime law applicable to an admiralty cause.

The admiralty jurisdiction is subject neither to limitation nor restraint by the state authorities and is uniform throughout the different states of the Union. The federal court may enforce these substantive rights, even if it must depart in minor particulars from some of the rules of procedure outlined in the city charter. Allis v. Insurance Co., 97 U. S. 144, 24 L. Ed. 1008; Conn. Mutual Life Ins. Co. v. Cushman, 108 U. S. 51, 2 Sup. Ct. 236, 27 L. Ed. 648. If the District Court sitting in admiralty considered the terms of the City Charter quoted as binding upon it, the result would be that a libel for breach of the maritime contract would be barred in this admiralty court, and would not be barred in the admiralty court sitting in some other district, and this would be a clear impairment of uniformity. Atlantic Fruit Co. v. Red Cross Line (D. C.) 276 Fed. 319.

We think the court below properly held that the defense interposed was insufficient.

Decree affirmed.