Petition of HIGHLANDS NAV. CORPORATION.

THE NASSAU. THE GRAND REPUBLIC.

Circuit Court of Appeals, Second Circuit.
November 12, 1928.

No. 36.

George P. Nicholson, Corp. Counsel, of New York City (Charles J. Carroll, of Brooklyn, N. Y., and William A. Walling and John T. Condon, both of New York City, of counsel), for appellant.

Barry, Wainwright, Thacher & Symmers, of New York City (James K. Symmers and John C. Crawley, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The Highlands Navigation Corporation, owner of the steamships Nassau and Grand Republic, filed a petition for limitation of its liability in respect to claims arising out of the burning and sinking of these vessels on April 26, 1924, while lying at the pier of the city of New York at the foot of 155th street, North River. Permission was granted to tie up the steamers at this pier on payment of rental for such berth. The vessels were passenger excursion boats and had been laid up for the winter. They were being prepared for active service at the time of the fire. One had passed and the other was in the course of inspection by the local inspectors. The

Nassau was supplying steam for boiler tests. Fires were banked in the evening, and there was no steam on her boilers during the night. About 11 o'clock on the evening of April 25th the chief engineer and his assistant returned, looked at the banked fire, put on some coal, and then went on board an adjacent vessel for the night. One night watchman cared for these vessels and made his rounds of the Nassau about midnight. Later, while on board the Grand Republic, he discovered a fire on the Nassau, which spread rapidly, burning the moorings, and caused the vessels to pass out of the slip by the falling tide and to drift down stream toward the New Jersey shore, a considerable distance. The Nassau was picked up by the city fireboat and towed back to 155th street, where she remained, and, although efforts were made to put out the fire, she sank on the southerly side of the 155th street pier. The Grand Republic burned to the water line and sank in the slip on the north side of the pier, some distance from where she had been moored.

Both vessels were a total loss, and the appellee abandoned them, giving notification of such abandonment to the Secretary of War and the city commissioner of docks. The wrecks lay inside the pier line, and the Secretary of War declined to exercise his discretionary authority to remove them. The commissioner of docks of the city demanded that the petitioner comply with section 120, art. 8, c. 8 of the Ordinances of the City of New York, which reads as follows:

"In case * * * a vessel shall be stranded, sunken or wrecked and be abandoned for 10 days, the commissioner shall notify the owner of such abandoned property or vessel, if known to him, to remove the same forthwith, and if the owner be not known to the commissioner, or is not within the city, or shall fail to comply with the notice, the commissioner shall cause such obstruction or vessel to be removed, and the expense of such removal shall be recoverable by action from the owner and shall be a lien on the property or vessel so removed until paid. If such property or vessel be not claimed within 30 days after the removal, the commissioner shall advertise the same for sale, at public auction, to the highest bidder in the City Record for six days. * * *"

The appellant's claim is for the estimated cost of removing the wrecks from the submerged land owned by the city where the wrecks lay, and the loss occasioned by the city through the obstruction of the slips on each side of the 155th street pier. The permit issued for the berth of these vessels did not, by express terms, require the petitioner to raise the wrecks in the event of sinking from any cause, nor did it incorporate therein any obligation under the ordinance to which we have referred.

It is contended by the appellant that the fire was caused by negligence on the part of those in charge of the vessels in not keeping a man on board in the fire room while the fires were on. There is no evidence that the fire started in the Nassau's fire room, or that the banked fire in her fire box had any connection with the disaster. Nor is there evidence of a general custom of keeping a man in the engine room. The fact that the city alone may have followed such practice on its vessels does not establish a general custom, which, if not followed, would be evidence of negligence on the part of the owner. District of Columbia v. Moulton, 182 U. S. 576, 21 S. Ct. 840, 45 L. Ed. 1237.

The Rivers and Harbors Act of March 3, 1899 (U. S. Code, title 33 [33 USCA] §§ 409, 414, 415), recognized the right of abandonment given by the general maritime law, and points out the intention of Congress to preserve that right. The appellee, as the owner of the vessels, not intending to raise them, but to abandon them, after notice as required by this act, would not be responsible for damages caused by other vessels running into such wrecks. Thames Towboat Co. v. Fields (D. C.) 287 F. 155. And this statute applies to vessels in navigable waters, even though outside deep channels. Red Star Towing & Transp. Co. v. Woodburn (C. C. A.) 18 F.(2d) 77. Nor can the appellee be held for the cost of raising after abandonment. Hagan v. City of Richmond, 104 Va. 723, 52 S. E. 385, 3 L. R. A. (N. S.) 1120. In the absence of an agreement to pay, the city ordinance may not impose such a liability, where Congress grants exemption. Such imposed liability by the municipality would be taking away the exemption thus granted. So. Pac. Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Union Fish Co. v. Erickson, 248 U. S. 308, 39 S. Ct. 112, 63 L. Ed. 261; The Thielbek (C. C. A.) 241 F. 209; Rodgers & Hagerty v. City of New York (C. C. A.) 285 F. 362.

Liability may not be imposed upon the theory that the relation of landlord and tenant existed between the parties, and it was the duty of the appellee to restore the premises in good condition, reasonable wear and tear excepted. In the absence of negligence or intentional destruction of property, a ten-

ant could not be held on the theory of an implied agreement to repair damage to property. United States v. Bostwick, 94 U. S. 53, 24 L. Ed. 65. We have held that, under such circumstances, the appellee is a licensee and not a tenant. Old Dominion S. S. Co. v. City of New York (C. C. A.) 286 F. 157.

A waiver of a right of abandonment of a vessel under the federal statute may not be implied merely because the vessels were berthed while out of service during the winter lay-up under the permit granted to the appellee. The liability of the appellee is not determined by the question of whether the vessel was in service or out of service. Brown v. Mallett, 5 C. B. 599; Taylor v. Atlantic Mutual Ins. Co., 37 N. Y. 275. The limitation was properly granted.

Order affirmed.