FLINK *v.* PALADINI ET AL.

No. 299. Submitted February 21, 1929.—Decided March 5, 1929.

*Messrs. H. W. Hutton* and *R. T. Lynch* submitted for petitioner.

*Messrs. Ira S. Lillick, J. Arthur Olson,* and *Chalmers G. Graham* submitted for respondents.

*Messrs. Louis T. Hengstler* and *Frederick W. Dorr* filed a brief as *amici curiae* on behalf of the American-Hawaiian Steamship Company, by special leave of Court.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The petitioner suffered a severe injury on the high seas while employed as an engineer on the tugboat *Henrietta,*

belonging to A. Paladini, Incorporated, a corporation of the State of California. He sued the corporation and also the respondents, the stockholders of the same, seeking to hold the latter liable under the Constitution of the State, Article XII, § 3 and the Civil Code, § 322, which provide that each stockholder shall be individually and personally liable for such proportion of all its debts and liabilities contracted during the time he was a stockholder, as the amount of stock owned by him bears to the whole of the subscribed capital stock. The respondents took proceedings in the District Court of the United States to limit their liability under the Acts of Congress, and the limitation was established by the Circuit Court of Appeals for the Ninth Circuit under R. S. § 4283, (Code, Title 46, § 183,) and the Act of June 26, 1884, c. 121, § 18, 23 Stat. 57. (Code, Title 46, § 189.) 26 F. (2d) 21. These statutes, it will be remembered, provide for the limitation of the liability of shipowners to the value of the vessel and pending freight, and of part owners to their proportional share. The argument of the present petitioner is that the stockholders of A. Paladini, Inc., were not the owners of the *Henrietta* and that their liability under the law of California was an independent one voluntarily assumed by contract, with which the Acts of Congress do not interfere.

The Circuit Court of Appeals disposed of the case after a thorough discussion. It is unnecessary to do more than to make a short statement of the points. The purpose of the act of Congress was " to encourage investment by exempting the investor from loss in excess of the fund he is willing to risk in the enterprise." 26 F. (2d) 24. *Richardson* v. *Harmon,* 222 U. S. 96, 103. *Hartford Accident & Indemnity Co.* v. *Southern Pacific Co.,* 273 U. S. 207, 214. For this purpose no rational distinction can be taken between several persons owning shares in a vessel directly and making the same division by putting the title in a corporation and distributing the corporate stock. The

policy of the statutes must extend equally to both. In common speech the stockholders would be called owners, recognizing that their pecuniary interest did not differ substantially from those who held shares in the ship. We are of opinion that the words of the acts must be taken in a broad and popular sense in order not to defeat the manifest intent. This is not to ignore the distinction between a corporation and its members, a distinction that cannot be overlooked even in extreme cases, *Behn, Meyer & Co.* v. *Miller,* 266 U. S. 457, 472, but to interpret an untechnical word in the liberal way in which we believe it to have been used—as has been done in other cases. *International Stevedoring Co.* v. *Haverty,* 272 U. S. 50.

The other branch of the petitioner's argument seems to us a perversion of the California law. The effect of that law so far as it goes is to destroy the operation of a charter as a nonconductor between the persons injured by a breach of corporate duty and the members of the corporation, who but for the charter would be liable. As suggested in *Flash* v. *Conn,* 109 U. S. 371, it leaves the members to a certain extent in the position of copartners. But that is the liability that the Acts of Congress mean to limit. Having no doubt of the comprehensive purpose of Congress we should not be ingenious to construe the California statute in such a way as to raise questions whether it could be allowed to interfere with the uniformity which has been declared a dominant requirement for admiralty law.

*Decree affirmed.*