## In re UNION FERRY CO. OF NEW YORK AND BROOKLYN.

### The COLUMBIA.

Circuit Court of Appeals, Second Circuit. January 6, 1930.

No. 102.

96

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellant.

William F. Purdy and John E. Purdy, both of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.  The sole question on this appeal is the value of the ferryboat Columbia on September 16, 1920, the date of the fatal injury to Engineer Moore. The record has been carefully examined, but we deem it unnecessary to discuss the evidence in detail.

The appellant complains because the court gave no credence to the testimony of its expert witnesses, who estimated the value of the ferryboat at $1,200 to $2,500. But the appellant had itself filed an ad interim stipulation for value in the sum of $4,500, and the vessel was sold to the city of New York in 1922 under a bill of sale which recited a consideration of $20,000. Witness Kindlund, a marine architect, testified to having appraised the Columbia for the city prior to its purchase. His appraisal was $18,000. There is ample in the record to justify the refusal of the commissioner and the District Court to accept the valuations of the ferry company's witnesses.

The price which the city paid for the vessel is competent evidence of her value, and the consideration expressed in the bill of sale presumptively states, subject to refutation, the price paid. In attempted refutation, the ferry company proved that it sold its entire fleet of nine vessels for a lump price of $350,000, and witness Lynch testified that the consideration expressed in the several bills of sale was a figure inserted by the city without negotiation between the parties as to how much of the lump price paid for all the vessels was to be ascribed to any particular vessel. But no one who represented the city in the transaction was called to testify that the expressed consideration was regarded as a conventional figure, nor was Mr. Read, who executed the bills of sale as president of the ferry company, called to give his understanding of the matter. Hence there is no proof that the city did not regard $20,000 as the price it was paying for the Columbia, and no convincing evidence that the officer who was authorized to act for the seller entertained any different view. We do not think that enough is shown to establish error in the District Court's finding that the boat was in fact sold for this sum, and that it represented her value on September 16, 1920.

Accordingly, the decree is affirmed.