Per Curiam.

A number of timber barges had been stored by the corporate defendant in years past in Arthur Kill on the tidal flats off Staten Island and within the boundaries of the city of New York. Due to damage in violent storms these barges had been abandoned by the defendant, which had written them off its books. The defendant has now entirely discontinued its barge business.
These sunken and abandoned barges are located little more than 200 yards from a busy and important navigable channel. They are approximately 600 feet north of an important traffic artery and bridge, and are little over one half a mile *537 from the nearest of a number of large refineries and oil installations.
A number of serious fires recently broke out among these wooden barges. These fires were of such proportion that the services of two fireboats as well as the land fire fighting forces were required for extended periods of time to extinguish them. The fire commissioner, acting under the authority conferred upon him by the Administrative Code of the City of New York (§§ 491a1-1.0, 491a2-1.0) took appropriate action to require the defendant to abate this fire hazard and nuisance thus created. However, from the outset of the first notice, the defendant had indicated that it would not comply, and has claimed a protected right to abandon the barges and maintain this nuisance in complete disregard of the municipal law.
This alleged right to abandon and to maintain a public hazard and nuisance is alleged to be based upon Federal statutes dealing with navigable channels (U. S. Code, tit. 33, §§ 409, 414, 415). These statutes provide housekeeping rules for the clearing of navigable channels and ultimately impose the duty of clearing such channels upon the Secretary of the Army. The legislative history of these Federal statutes, as well as their literal text, relate to clearing of navigable channels, and the ultimate imposition of the duty of clearing those channels upon a Federal executive official. However, the Federal judiciary, in a most striking example of judicial legislation, has converted these sections into a license to all those within admiralty jurisdiction to create and maintain, by abandonment, public hazards and nuisances outside those channels anywhere within the tidal or navigable waters. Furthermore these judicial holdings exempt such licensees from any municipal regulations which seek to protect the general public from such hazards and nuisances. The great and authoritative body of Federal admiralty cases sanctioning such abandonments is most imposing. It would serve no purpose to here cite them since they are duly collected in the annotations of the code. A typical case of this great body of Admiralty law is Petition of Highlands Nav. Corp. (29 F. 2d 37 [C. C. A. 2d, 1928]) in which Mantón, 0. J., clearly states the legal scope of this admiralty license to create hazards and nuisances by abandonment.
An examination of these cases collected in the annotations will demonstrate, at least in part, the extent to which the municipal governments of the ports of the Bast Coast, the West Coast, the Gulf, the Great Lakes and of the principal navigable rivers have been plagued by abandonments in navigable waters outside channels sanctioned by this Federal admiralty judicial *538 legislation. Perhaps some understanding of the distresses of these municipal governments may indicate to the Congress a need for correcting its original legislative enactments. It may also indicate the necessity of extending the good housekeeping duties and responsibility of the appropriate Federal executive agency beyond the navigable channels to all those waters which have been included within the Federal admiralty jurisdiction. The disproportionate major part of the tax dollar taken by the Federal Government should indicate that in equity and in justice the Federal Government should assume the financial burden of clearing up such hazards and nuisances created under this admiralty license of abandonment.
This court recognizes that it is beyond its power to effectively apply and enforce the local law against this defendant. It is apparent that any restriction upon the right of abandonment by this court would be stricken down by the Federal admiralty courts — wherein the right of the port city to protect its citizens from rat and pest infested nuisances and hazards in navigable waters has ever been subordinated to the monetary interests of the maritime entrepreneur by limiting his liability and responsibility for abandonments. But it is not beyond the power of this court to put to the Congress this question: Is it fair or just longer to permit this intolerable situation to be continued and to be duplicated throughout the navigable waters of this Nation?
Haddock, P. J., Paige and Creel, JJ., concur.
Complaint dismissed, etc.