### In re THE TROJAN.

Petition of the UNITED STATES of America, as Owner, for Exoneration from or Limitation of Liability.

No. 27721.

United States District Court
N. D. California, S. D.
Oct. 28, 1958.

Robert H. Schnacke, U. S. Atty., San Francisco, Cal., Keith Ferguson, Sp. Asst. to Atty. Gen., Graydon S. Staring (Advocate) Dept. of Justice, San Francisco, Cal., for petitioner.

McCutchen, Doyle, Brown & Enersen, San Francisco, Cal. (Crowell, Rouse & Varian, New York City, of counsel), Russell A. Mackey, San Francisco, Cal. (Advocate) for Todd Shipyards Corp.

Darwin & Peckham and Jay A. Darwin, San Francisco, Cal. (Advocate) for

various personal injury and death claimants.

WOLLENBERG, District Judge.

Todd Shipyards Corporation (hereinafter called "Todd") moves to dismiss the United States' petition for limitation of liability. The pertinent facts may be summarized as follows:

On April 22, 1955, the United States acquired title by decree of forfeiture to the steam tanker Trojan (at that time called Jeanny). Shortly thereafter, pursuant to written contract with the United States, at its Alameda shipyard Todd prepared the Trojan for berth as a dead ship in the Suisun Reserve Fleet of the United States Maritime Administration. On completion of this work, the Trojan was placed and remained berthed in the Reserve Fleet at Suisun until December 26, 1956, when pursuant to a written contract of sale, the United States delivered the Trojan to Sheffield Tankers Corporation (at that time known as Rotary Tankers Corporation). Early in January 1957, the new owner Sheffield delivered the vessel to Todd's Alameda yard for extensive reactivation repairs. On the afternoon of January 29, 1957, while the Trojan was moored afloat at Todd's pier, the after portion of the vessel was rocked by explosion which was followed by fire. Extensive damage was done to the vessel and approximately 52 persons were killed or injured.

Prior to the filing of this petition by the United States, Todd commenced a libel in this Court (Admiralty Number 27702) against the United States. This libel alleged, inter alia, that at the time of and in addition to the sale of the Trojan to Sheffield, the United States separately sold a quantity of oil located in the Trojan's port and starboard after bunker tanks. This oil, according to Todd's libel, was expressly or impliedly represented by the United States to be of the character commonly known as ."Bunker C fuel oil". Todd's libel further alleges the fluid in the bunker tanks referred to was not in fact Bunker C

fuel oil, but rather an admixture of highly volatile, inflammable, explosive, and inherently dangerous matter; further, that the United States knew of the intended use to be made of the oil; the United States knew, or should have known, of its dangerous character, and failed to disclose such information to either Todd or Sheffield.

The motion to dismiss the petition of the United States raises two vital questions: First, since only the "owner" of a vessel may petition for limitation of liability, is the United States an "owner" within the meaning of 46 U.S.C.A. § 183 (a)? Second, does the nature of the claim (action based on breach of seller's warranty) asserted by Todd in its libel against the United States preclude this petition by the United States for limitation?

 At the hearing herein Todd expressly relied solely on the nature of its claim as precluding this petition. However, as only the "owner" of a vessel may petition for limitation [46 U.S. C.A. § 183(a); 13 Benedict, Admiralty § 498 (6th Ed., 1940)], this Court, as it must, has considered the jurisdictional issue whether the United States qualifies as an owner. In other words, may a person who at the time of the accident had neither legal nor equitable title qualify as an owner if the accident was proximately caused by such person's conduct at a time when he unquestionably was the owner and unquestionably had the right of limitation?

The United States has cited authorities wherein the Courts have upheld petitions filed after the petitioners had disposed of their ownership in the vessels. However, in each of these cases the liability against which limitation was sought arose *during* the period of petitioner's ownership. The Milwaukee, D.C.E.D.Wis.1931, 48 F.2d 842; The Columbia, 2 Cir., 1930, 37 F.2d 95; The Giles Loring, D.C.Me.1890, 48 F. 463. In the instant case liability, if any, arose *after* the United States had disposed of all right, title and interest in the Trojan. Generally, it may be observed that

the Courts uniformly have construed "owner" in a manner which will effectuate the purpose of this Act. Section 183 of Title 46 was designed by the Congress to encourage shipbuilding, and to induce investment in the shipping industry by limiting an owner's liability to the value of his interest in the vessel (plus pending freight). British Transport Commission v. United States, 1957, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234. Thus it is this Court's opinion that in order to effectuate the purposes of the Act the motion to dismiss herein should be denied. To hold otherwise would subject a person to greater liability after a sale than existed before a sale. The weakness of such a holding appears when it is recalled that the alleged liability arose as the result of negligent conduct occurring before sale and during ownership, at which time limitation would clearly have been available.

In the case of Petition of Highlands Nav. Corp., 2 Cir., 1928, 29 F.2d 37, two excursion vessels were totally destroyed by fire while being prepared for service following the winter's lay up and sank beside a pier belonging to the City of New York. The owner of the vessels gave proper notice of abandonment. The City of New York sought damages for (1) the cost of removing the wrecks, and (2) losses due to obstruction of the pier. The District Court, in allowing the petition for limitation, declared that "an abandoned vessel has no owner". In re Highland Nav. Corp., D.C.N.Y.1927, 24 F.2d 582. The Court of Appeals, 2 Cir., 1928, 29 F.2d 37, in affirming the District Court, impliedly recognized the right to seek limitation for an alleged liability arising after the termination of ownership.

 Todd contends that under American Car & Foundry Co. v. Brassert, 1932, 289 U.S. 261, 53 S.Ct. 618, 77 L.Ed. 1162, the limitation act is not available against a claim based on breach of seller's warranty. In the Brassert case the petitioner was the manufacturer of a small pleasure craft. He sold the vessel to the claimant under a conditional sales

contract, reserving title until complete payment. After delivery of the vessel it was totally destroyed, allegedly due to manufacturing defects. The Court held that under the circumstances limitation proceedings were not available. This Court is of the view that use of the term "vendor" in the Brassert opinion is merely descriptive of petitioner's primary status as manufacturer. The Court said: "petitioner's liability, if any, * * * would depend upon petitioner's conduct as *maker* of the vessel * * *" (289 U.S. at page 266, 53 S.Ct. at page 620), and the "purpose (of the act) * * * was not concerned with * * * manufacture, which itself *was not a maritime activity.*" (Emphasis supplied.) Thus, if petitioner as a manufacturer not engaged in maritime activity could not have the benefit of limitation before the sale, he is in no better position after the sale.

In addition it is well to point out that even if we accept Todd's interpretation of the Brassert case there is the possibility of other claims which are clearly subject to limitation being filed against the United States by Sheffield and the many personal injury claimants. Although it has been suggested (Gilmore & Black, Law of Admiralty p. 685) that the pre-1936 rule allowing the filing of a petition for limitation before the assertion of any claims [The Alcyone, D.C.E. D.N.Y.1931, 50 F.2d 186] might be abrogated by the wording of §§ 183(a) and 185 (as amended in 1936), the pre-1936 rule has been followed. In Petition of Wood, D.C.S.D.N.Y.1954, 124 F.Supp. 540, 541, the Court, in holding that a petition could be filed even though no claim had yet been asserted, relied on Admiralty Rule 51, 28 U.S.C.A., which provides, in part, that the petition should state "what suits, *if any,* are pending." Thus, the motion to dismiss herein must be denied as there is the possibility of claims being asserted which are clearly subject to limitation.

Further, once it has been determined that a seller engaged in maritime activity is an owner entitled to limitation, it is clear that the Court in the Brassert case did not intend that the availability of limitation proceedings could be avoided merely by the form of the pleadings or the theory of the claim asserted.

In accordance with the above opinion the Court orders that the motion to dismiss the petition of the United States for exoneration from or limitation of liability be, and the same is hereby denied.