**In the Matter of the Complaint of MARINE RECREATIONAL OPPORTUNITIES, INC., as owner of a 1987 Cruisers, Inc. 286 Rogue Sport for exoneration from or limitation of liability, Plaintiff–Appellant,**

**v.**

**Zachary BERMAN and Bennett Marine, Inc., Defendants,**

**Gerald Berman and Josephina Berman, Defendants–Appellees.**

**No. 514, Docket 93–7561.**

United States Court of Appeals, Second Circuit.

Argued Oct. 28, 1993.

Decided Jan. 31, 1994.

Joseph J. Perrone, New York City (Peter D. Fenzel, New York City, of counsel), for plaintiff-appellant.

Richard D. Tunick, New York City, for defendants-appellees.

Before: LUMBARD, VAN GRAAFEILAND and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Marine Recreational Opportunities, Inc. ("MRO") appeals from Judge Keenan's order dismissing its complaint for lack of subject matter jurisdiction. MRO commenced this action under 46 U.S.C.App. § 183 (1988), seeking exoneration from, or limitation of, its liability for injuries to Gerald Berman. Berman's injuries were suffered aboard a vessel

previously sold by MRO. We conclude that MRO was not an "owner" of the vessel within the meaning of Section 183. We therefore affirm the district court's dismissal.

In 1991, MRO purchased a pleasure craft, a 1987 Cruisers, Inc. 286 Rogue Sport ("p/c Rogue Sport") at a public auction. On May 31, 1991, MRO sold the vessel to Zachary Berman, Gerald Berman's son, for $41,000, and title and possession of the vessel transferred from MRO to Zachary Berman on that date. On June 2, 1991, Zachary Berman, accompanied by Gerald and Josephina Berman, took the p/c Rogue Sport out on Long Island Sound. When the boat hit a large wave or wake, Gerald Berman was allegedly thrown around the boat and seriously injured.

Gerald and Josephina Berman filed suit against MRO in New York State Supreme Court, Bronx County, to recover damages for Gerald's injuries. In their complaint, the Bermans alleged, *inter alia,* that MRO sold Zachary Berman a vessel with defective trim tabs, was negligent in failing to inspect the trim tabs before delivery, was negligent in failing to warn the purchaser of "a known dangerous, defective and hazardous condition," and was negligent in failing to train him in the proper operation of the vessel.

MRO then brought the instant action pursuant to Fed.R.Civ.P.Supp.F. seeking exoneration from, or limitation of, its liability for the alleged injuries. Pursuant to the Bermans' motion, the district court dismissed the action for lack of subject matter jurisdiction. This appeal followed.

■ Section 183(a) provides in pertinent part:

> The liability of the owner of any vessel, whether American or foreign, ... for any loss, damage or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

We conclude that this statute does not apply to MRO because it was not the owner of the p/c Rogue Sport at the time of the accident, and it is not being sued in that capacity.

■ Section 183 was enacted in 1851 "to encourage investments in ships and their employment in commerce," so that "the shipping interests of this country might not suffer in competition with foreign vessels." *American Car & Foundry Co. v. Brassert,* 289 U.S. 261, 263, 53 S.Ct. 618, 619, 77 L.Ed. 1162 (1933). To effectuate this purpose, the term "owner" as used in the statute has been interpreted in a "liberal way." *Dick v. United States,* 671 F.2d 724, 727 (2d Cir.1982) (*quoting Flink v. Paladini,* 279 U.S. 59, 63, 49 S.Ct. 255, 255, 73 L.Ed. 613 (1929)). In *Dick v. United States,* we stated that "[a]s a general rule, one who is subjected to a shipowner's liability because of his exercise of dominion over a vessel should be able to limit his liability to that of an owner." 671 F.2d at 727. MRO argues that under this liberal interpretation of the term "owner," it is entitled to limit its liability, because the Bermans seek to hold it liable for alleged negligence that occurred when the vessel was under its dominion and control.

However, in most of the cases that purport to apply a broad interpretation of "owner," the party seeking to limit liability had actual title or was capable of exercising some measure of dominion or control over the vessel at the time of the accident. *See id.* at 726–28; *In re Exoneration from or Limitation of Liability of Shell Oil Co.,* 780 F.Supp. 1086, 1087, 1089–90 (E.D.La.1991) (parent corporation that conveyed vessel to subsidiary but retained record title is "owner" because "the act is designed to cover one who is a 'likely target' for liability claims predicated on his status as the person perhaps ultimately responsible for the vessel's maintenance and operation"); *In re Barracuda Tanker Corp.,* 281 F.Supp. 228, 231 (S.D.N.Y.1968) (plaintiff considered "owner" where it sold and leased back vessel prior to accident), *remanded on other grounds,* 409 F.2d 1013 (2d Cir.1969).

MRO cites only one case that allowed limitation of liability by a prior owner who lacked any measure of control over the vessel at the time of the accident giving rise to liability. *In re The Trojan,* 167 F.Supp. 576, 578 (N.D.Cal.1958), *aff'd sub nom Todd Ship-*

*yards Corp. v. United States,* 274 F.2d 402 (9th Cir.1960). We decline to follow *The Trojan.* Other courts have uniformly held that the time of the accident determines "ownership" under Section 183. Indeed, after *The Trojan,* the Ninth Circuit itself held that a plaintiff who acted as an agent in the sale of a fishing boat was not an owner within the meaning of the statute. *See Calkins v. Graham,* 667 F.2d 1292 (9th Cir. 1982). In reaching its conclusion, the court stated, "When the accident occurred, Calkins no longer had possession or control of the vessel, nor was he responsible for its maintenance and operation...." *Id.* at 1294; *see also Complaint of Sheen,* 709 F.Supp. 1123, 1128 (S.D.Fla.1989) ("... [T]he appropriate time of ownership for [Section 183] purposes must be the period encompassing the maritime accident"). One does not have to become a plain-meaning-of-the-statutory-language fanatic to conclude that a complete absence of legal title and of any practical control over a vessel at the time of the relevant accident precludes resort to Section 183. The use of the term "owner" in Section 183 is in the singular and does not suggest other persons in this chain of title. Extension of Section 183 to others in the chain of title is a rather extraordinary step, and any intent to afford prior owners the benefits of limitation or exoneration certainly would have found expression in the statutory language. Moreover, a contrary ruling would create a conflict among the circuits without our having any compelling reason to depart from the precedents of other circuits. *International Soc'y for Krishna Consciousness, Inc. v. Lee,* 925 F.2d 576, 580 (2d Cir.1991), *aff'd in part,* — U.S. ——, 112 S.Ct. 2701, 120 L.Ed.2d 541 (1992); *Feeney v. Port Authority Trans-Hudson Corp.,* 873 F.2d 628, 631–32 (2d Cir.1989), *aff'd,* 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990).

The district court therefore properly dismissed the complaint for lack of subject matter jurisdiction. We affirm.